[No. A063967. First Dist., Div. Four. Feb. 29, 1996.]

GEORGE ASSAD, Plaintiff and Appellant, v.
SOUTHERN PACIFIC TRANSPORTATION COMPANY, Defendant and
Appellant.

**COUNSEL**

David A. Tallant for Plaintiff and Appellant.

Brobeck, Phleger & Harrison, Thomas M. Peterson, John E. Carlson, Michael B. Green and George H. Link for Defendant and Respondent.

**OPINION**

**POCHÉ, J.**—Plaintiff and appellant George Assad (plaintiff) appeals from an adverse judgment entered following the granting of a summary judgment motion in favor of defendant and respondent Southern Pacific Transportation Company (defendant).

*The Trial Court Proceedings*

Plaintiff, a member of the volunteer auxiliary arm of the Shasta County Sheriff's Department search and rescue division, filed suit against defendant alleging that he was injured by metam sodium fumes which were released when defendant's railroad tank car derailed, spilling its contents of metam sodium into the Sacramento River near Dunsmuir. Plaintiff's causes of action included negligence, products liability and violations of the Railroad Safety Act, the Hazardous Materials Transportation Act, and the Health and Safety Code.

As the litigation progressed the parties entered into the following stipulation: "Southern Pacific will stipulate to negligence in allowing the tankcar to fall into the river, for purposes of this case *only*. In return, Mr. Assad will waive punitive damages and all other causes of action except negligence. Southern Pacific expressly reserves the right to dispute any and all issues relating to damage causation and/or the existence, occurrence, size and/or amount of injuries and damages claimed by Mr. Assad. As in the class action, Mr. Assad must release and dismiss with prejudice all Southern Pacific entities other than Southern Pacific Transportation Company and all other defendants, individuals or entities in any way related to the spill.

Southern Pacific will enter into this stipulation to accomplish a partial settlement of this case only and expressly denies its negligence insofar as any other claim or action is concerned." (Italics in original.)

Thereafter defendant moved for summary judgment without mentioning the stipulation or even that it had conceded negligence. The theory of the motion was that the firefighter's rule was applicable and defeated an element of plaintiff's cause of action for negligence. Plaintiff responded by contending that the firefighter's rule had no application to him because at the time of the injury he was neither a firefighter nor a policeman. In his opposition, plaintiff set forth the stipulation in full but made no argument with respect thereto.

The trial court's written order granting summary judgment set forth its rationale as follows: "1. Defendant Southern Pacific, in support of its motion, proffered evidence establishing as a matter of law that the fireman's [r]ule bars plaintiff's claim. The risk to which plaintiff subjected himself was of the type usually dealt with by public safety officers who respond to clearly dangerous emergencies. [¶] 2. Plaintiffs, in opposition to defendant Southern Pacific's motion, proffered no evidence which raised a substantial controversy as to the applicability of the fireman's [r]ule."

## REVIEW

Plaintiff contends that the trial court erred in determining by way of summary judgment that the firefighter's rule barred his action for negligence against defendant. We agree.

Summary judgment is proper only where there are no triable issues of material fact and the moving party is entitled to judgment in its favor as a matter of law. (Code Civ. Proc., § 437c, subd. (c);[1] *Villa* v. *McFerren* (1995) 35 Cal.App.4th 733, 741 [41 Cal.Rptr.2d 719].) Where the defendant is the moving party, the defendant has the burden of establishing that either the plaintiff cannot establish an element of the offense, or that the defendant has a complete defense to the action. (§ 437c, subd. (o)(2).) The burden then shifts to the plaintiff to establish the existence of a triable issue. (§ 437c, subd. (o)(2); *Villa* v. *McFerren, supra,* 35 Cal.App.4th 733, 741.) In determining whether there is a triable issue, the trial court must examine all the evidence properly produced by the parties, as well as any inference which can reasonably be drawn from the evidence. (*Villa* v. *McFerren, supra,* 35 Cal.App.4th 733, 741.)

---

[1]Unless otherwise indicated all further statutory references are to the Code of Civil Procedure.

Defendant moved for summary judgment on the theory that the firefighter's rule barred any recovery for plaintiff. Plaintiff's response in opposition to the motion for summary judgment on the very first page called the court's attention to the agreement and attached as "Exhibit A" the agreement as set forth on the letterhead of Brobeck, Phleger & Harrison. Defendant made no objection to this exhibit, or to its consideration by the trial court. In its judgment the trial court noted that it had "considered all the evidence set forth in the papers submitted, and the inferences reasonably deducible therefrom, except that to which objection was sustained." The agreement was thus unobjected-to evidence which was properly before and considered by the trial court.

As set forth in full above, the stipulation had the following elements: (1) plaintiff "will waive punitive damages and all other causes of action except negligence," (2) defendant "will stipulate to negligence in allowing the tankcar to fall into the river," and (3) defendant "expressly reserves the right to dispute any and all issues relating to damage causation and/or the existence, occurrence, size and/or amount of injuries and damages claimed by Mr. Assad."

Thus under the terms of the stipulation, the only issues reserved for dispute were "issues relating to damage causation . . . and damages . . . ." The applicability of the firefighter's rule, an issue relevant to the element of duty (*Neighbarger* v. *Irwin Industries, Inc.* (1994) 8 Cal.4th 532, 541 [34 Cal.Rptr.2d 630, 882 P.2d 347]), was not an issue "expressly reserv[ed] . . . to dispute" by defendant.

Defendant avers that the stipulation related exclusively to its conduct "and no more." Given the language of the entire agreement the contention is meritless in the extreme. The entire agreement refers not only to the negligence of defendant (i.e. defendant stipulates "to negligence in allowing the tankcar to fall into the river") but also to defendant's express reservation of its right to "dispute any and all issues relating to damage causation and/or the existence, occurrence, size and/or amount of injuries and damages claimed by Mr. Assad."[2] There was no express reservation of the right to dispute the element of duty.

Defendant also contends that plaintiff was required under section 437c, subdivision (b) to set forth the agreement in a counter, separate statement of

---

[2]When defendant's appellate counsel, also Brobeck, Phleger & Harrison, described the agreement to this court, it saw fit to quote only two sentences of the agreement and to present those two sentences as the entire agreement.

material facts, and that plaintiff's failure to do so was "fatal" to plaintiff because "[t]he review of a grant of summary judgment by this Court is limited to the facts set forth in the separate statement of undisputed facts . . . ." Defendant misrepresents the demands of section 437c, subdivision (b).

Section 437c, subdivision (b) provides in relevant part: "The opposition papers shall include a separate statement which responds to each of the material facts contended by the moving party to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are disputed. The statement shall also set forth plainly and concisely any other material facts which the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence. Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." Plaintiff complied with these obligations.

In its statement of undisputed facts in support of its motion for summary judgment, defendant set forth the facts it deemed relevant to support the application of the firefighter's rule. It did not set forth the stipulation as a "fact," nor did it cite to the stipulation as supporting evidence. Indeed, defendant did not mention the stipulation at any time in any respect in its statement of material facts or in any papers it filed in connection with the motion.

Subdivision (b) of section 437c required plaintiff—as the party opposing the motion for summary judgment—to "include a separate statement which *responds to each of the material facts contended by the moving party to be undisputed. . . .*" (Italics added.) Under the plain wording of the statute plaintiff had no obligation to "respond" with any mention of the stipulation for the obvious reason that defendant as the moving party had not listed it as a fact which it contended was undisputed. Plaintiff did, however, respond to defendant's statement of undisputed facts. Thus, plaintiff complied with his first obligation under subdivision (b).

Subdivision (b) of section 437c also required plaintiff to list in his separate statement any other material facts he thought *disputed.* As the existence of the stipulation was not in dispute, plaintiff had no obligation to include the stipulation in his separate statement. Plaintiff thus complied with the obligation of subdivision (b) of section 437c, and waived nothing by not including the stipulation in his separate statement.

Finally, we respond to what we perceive to be a fundamental misunderstanding on the part of defendant with respect to what are "facts" within the meaning of the summary judgment statute. The terms of the stipulation did not contain facts which were relevant or material to the issue raised by defendant's summary judgment motion. Instead, the terms of the stipulation concerned the parties' partial settlement of the case and their agreement as to the legal issues they reserved for dispute. The distinction is better made by illustration.

Assume a very different situation: (a) the parties stipulate that plaintiff was not acting in the capacity of a volunteer firefighter at the time of the injury, (b) defendant moves for summary judgment on the ground that the firefighter's rule defeats the element of duty, (c) defendant includes in its statement of undisputed facts that plaintiff was acting in his capacity as a volunteer firefighter at the time of the injury, and (d) in his opposition plaintiff does not respond to the fact contended by defendant to be undisputed—i.e., that plaintiff was acting as a volunteer firefighter at the time of the injury—and plaintiff makes no reference to the stipulation. By reason of his silence in opposition to the motion, the plaintiff in our view would have clearly waived the right to argue at the hearing on the motion for summary judgment and on appeal that the stipulation barred the defendant from asserting plaintiff was acting in a capacity other than as a volunteer firefighter at the time of the injury. This is the proper application of the general rule defendant cites to the effect of "[f]acts not contained in the separate statement do not exist." (*Kim* v. *Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834].)

Here, by contrast, the parties' stipulation did not contain facts which were relevant to the theory of defendant's motion for summary judgment. The parties stipulated to a partial settlement of the case. In doing so defendant conceded the elements of duty and breach (or negligence) as a matter of law. Only on the elements of causation and damages did it retain the right to raise material factual issues. Consequently, nothing in section 437c, subdivision (b), required plaintiff to set forth the stipulation in his separate statement of material facts. What plaintiff was required to do was place the stipulation in evidence in his opposition to the motion for summary judgment. That he did. The stipulation together with its legal implications with respect to defendant's motion for summary judgment was properly before the trial court.

In sum, defendant, as moving party, had the burden of proving that it was entitled to judgment in its favor because plaintiff could not establish an element of his cause of action for negligence. Defendant's theory was that

plaintiff could not establish the element of duty because he came within the scope of the firefighter's rule. In its motion and supporting papers, defendant did not bring the stipulation to the trial court's attention,[3] much less place either its existence or its contents within the realm of dispute. Plaintiff opposed the motion, and by attaching the stipulation placed it in evidence. Defendant did not object to the stipulation nor did defendant respond to it in its responding papers. Under the undisputed terms of the stipulation the only issues defendant reserved for dispute were "issues relating to damage causation . . . and damages." The firefighter's rule and its impact on the question of duty were not matters reserved for dispute under the plain terms of the partial settlement and could not be the basis for summary judgment in favor of defendant. As that was the sole reason the trial court gave for granting defendant's motion for summary judgment, summary judgment was erroneously granted.

The judgment is reversed. Plaintiff to recover costs on appeal.

Anderson, P. J., and Hanlon, J., concurred.

A petition for a rehearing was denied March 25, 1996.

---

[3]Subsequent to oral argument at which this court in its questioning repeatedly mentioned defendant's failure to disclose the stipulation to the trial court, counsel for defendant had requested permission to augment the record with additional materials to show that there was no attempt on the part of defendant's trial counsel to "hid[e]" the stipulation from the trial court. To ensure that we have a full understanding of the case, we have (a) granted the motion to augment the record, and (b) reviewed the submitted materials: pretrial statements by both sides. The pretrial statement does not alter our understanding of this case for two reasons: (1) the pretrial statements, of course, were not part of the summary judgment motion, and (2) the parties had not yet entered into the stipulation at the time of the pretrial statements. Defendant's pretrial statement advised the trial court that the parties intended to enter into the partial settlement stipulation at some unknown future date. Plaintiff's pretrial statement informs the court that there are no stipulations in the case.

# NOTICE TO SUBSCRIBERS

Below is a paste-over Crack-and-Peel insert for correction of an error in the bound volume report of Mariscal v. Old Republic Life Ins. Co. (1996) 42 Cal.App.4th 1617. Please remove the peel-off backing from the correction insert and position it to cover the two Summary paragraphs and the footnote on page 1617.

We apologize for the inconvenience. If you have any questions, please call West Group Customer Service at 800-328-4880.

The beneficiary of an accidental death and dismemberment insurance policy brought an action against the insurer, based on the insurer's refusal to pay benefits following the insured's death after a car accident. The insurer denied coverage after finding that the death was the result of an illness rather than bodily injury from the accident. The trial court found, inter alia, that the insurer breached the implied covenant of good faith and fair dealing, and awarded damages to plaintiff. (Superior Court of San Luis Obispo County, No. CV72016, Kenneth Andreen, Judge.*)

The Court of Appeal affirmed the judgment. It held that the trial court properly found the insurer breached the implied covenant of good faith and fair dealing. Although the insurer asserted the death was due to illness, it had a duty to thoroughly investigate to determine if the accident was a factor causing the death. The insurer did not fulfill its duty to obtain the statements of all witnesses, which suggested the insured did not suffer a heart attack before the accident. Also, the claims adjuster did not understand medical terms or conditions and the insurer did not consult with its own doctor. When it denied the claim, the information available to the insurer showed the insured died from complications caused by head injuries from the accident. Instead of considering all the evidence with a view towards coverage, the insurer relied on a short phrase in the death certificate that the cause of death was heart failure. Although the insurer asserted the testimony of the insured's doctor contradicted his earlier written statements, credibility lies within the sound determination of the trier of fact. Moreover, the doctor's testimony was not truly contradictory; he testified he answered the written questions by stating the immediate cause of death, but that it would have been more accurate to state the heart attack ultimately occurred because of the accident. Thus, the evidence available to the insurer established it

---

*Retired Associate Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.