[No. C054919. Third Dist. Apr. 22, 2009.]

HELEN BESOTES TESELLE, as Trustee, etc., Plaintiff and Appellant, v. YVONNE McLOUGHLIN, Individually and as Trustee, etc., et al., Defendants and Respondents.

## COUNSEL

Freeman, D'Aiuto, Pierce, Gurev, Keeling & Wolf, Thomas H. Keeling and Franklin J. Brummett for Plaintiff and Appellant.

Downey, Brand, M. Max Steinheimer and Mathew J. Weber for Defendants and Respondents.

## OPINION

**BLEASE, J.**—This case illustrates the primacy of the complaint in measuring the materiality of the facts which a motion for summary judgment must address. It involves the relationships of at least four subdivisions of the summary judgment statute. (Code Civ. Proc., § 437c, subds. (b)(1),[1] (2),[2] (3),[3] (p)(2).[4])

The trial court granted defendants' motion for summary judgment on the ground that plaintiff failed by one day to file a timely opposition statement of disputed material facts. (§ 437c, subd. (b)(2).) It said the failure was "a sufficient ground, in the court's discretion, for granting the motion" pursuant to section 437c, subdivision (b)(3). The court further found that defendants set forth a prima facie case for judgment with their moving papers and evidence. (See § 437c, subd. (p)(2).)

We shall conclude that the late filing of an opposition statement does not violate the policies of subdivision (b)(2) or (3) of section 437c and that, because the moving parties' separate statement (§ 437c, subd. (b)(1)) did not address a material fact in the complaint, it did not assert a prima facie case of entitlement to a summary judgment and did not shift the burden to plaintiff to file an opposing separate statement (§ 437c, subd. (p)(2)).

The parties have interests in or control of the properties of the partnership of two brothers, George and Charles Besotes. As part of their estate planning,

---

[1] All further references to an unspecified code section are to the Code of Civil Procedure.

Section 437c, subdivision (b)(1) provides in relevant part that the motion "shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed."

[2] Section 437c, subdivision (b)(2) provides in relevant part that "opposition to the motion shall be served and filed not less than 14 days preceding the noticed . . . date of hearing, unless the court for good cause orders otherwise."

[3] See footnote 17, *post*, and accompanying text.

[4] Section 437c, subdivision (p)(2) provides in relevant part that the moving party "defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . ."

the brothers established separate trusts that provided for an exchange of the brothers' interests in four real properties owned by the partnership on the death of either partner. One of the properties is known as the Waterloo Road property. It was removed from the exchange provisions by amendment of the George C. Besotes 2000 Revocable Trust (the George trust). Charles died in August of 2002[5] and plaintiff, as trustee of the George trust, conveyed the Waterloo Road property to the Charles Besotes and Ann G. Besotes 2000 Revocable Trust (the Charles trust) pursuant to the exchange provisions of the unamended George trust.

Plaintiff brought this action against defendants, who have interests in the Charles trust, to recover George's interest in the Waterloo Road property for his heirs on the ground plaintiff mistakenly conveyed it because plaintiff was unaware the George trust had been amended. The operative complaint recites the provisions of the trust amendment and alleges that, as a result, George's interest in the Waterloo Road property "no longer [was] subject to the exchange 'agreement' . . . ." A copy of the trust amendment is attached to plaintiff's initial complaint and is part of defendants' moving papers.

Defendants' answer did not deny the existence of the trust amendment nor deny "that as a result . . . the Waterloo Road property was no longer subject to the exchange agreement . . . ." Rather, it said the latter allegation "contains a legal conclusion to which no response is needed."

On appeal, defendants do not contest the fact of the trust amendment or challenge its legal effect. They base their summary judgment motion on the *unamended* provisions of the George trust. This violates the fundamental rule that the moving papers shall respond to the "material facts" of the complaint. (§ 437c, subd. (b)(1).) "The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court* (1984) 162 Cal.App.3d 600, 604–605 [208 Cal.Rptr. 899].) "The complaint measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action." (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 381 [282 Cal.Rptr. 508].)

The trial court granted the motion for summary judgment under section 437c, subdivision (b)(3) because plaintiff was one day late in filing an opposing statement of disputed material facts (*id.*, subd. (b)(2)). However, plaintiff was not obligated to respond to a material fact that was not in dispute. (*Assad v. Southern Pacific Transportation Co.* (1996) 42 Cal.App.4th 1609, 1614 [50 Cal.Rptr.2d 443].) A summary judgment may not be granted

---

[5] George Besotes died a few weeks later, on October 1, 2002.

when the moving party has failed to "refute [a] tenable pleaded theor[y]." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 942 [51 Cal.Rptr.3d 1].)

Moreover, it was an abuse of discretion for the court to impose a terminating sanction for a mere violation of a procedural rule. (*Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1364, fn. 16 [63 Cal.Rptr.3d 483, 163 P.3d 160]; *Security Pacific Nat. Bank. v. Bradley* (1992) 4 Cal.App.4th 89, 98 [5 Cal.Rptr.2d 220].) Although plaintiff was one day late in submitting a separate statement of disputed material facts (§ 437c, subd. (b)(2)), the moving party did timely reply (*id.*, subd. (b)(4)), giving the trial court adequate time to consider the matter before the hearing on the motion.

This leaves defendants with the claim that because plaintiff failed to timely file an opposition statement the court was authorized to exercise its discretion under section 437c, subdivision (b)(3) to rule on the basis of the moving party's allegations of undisputed fact, i.e., to recharacterize plaintiff's cause of action. They argue: "If [plaintiff] wanted to argue the alleged trust amendment somehow made the transfer improper, [plaintiff] was required to—but did not—offer that evidence in *opposition* to [defendants'] Motion." (Italics added.) We disagree.

Defendants' argument assumes that the discretionary provisions of section 437c, subdivision (b)(3) stand alone, unrelated to the other provisions of section 437c. The assumption is incorrect. As noted, section 437c, subdivision (b)(3) is subject to subdivision (b)(1). Moreover, section 437c, subdivision (p)(2) provides that "the party moving for summary judgment bears an initial burden of production [of evidence] to make a prima facie showing of the nonexistence of any triable issue of material fact . . . ." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493] (*Aguilar*).)[6] This presupposes the party has fulfilled its obligation to advance a material fact as undisputed. (§ 437c, subd. (b)(1).) Since there was no such fact there was nothing to oppose (*id.*, subd. (b)(3)) and consequently no need for supporting evidence.

For these reasons the trial court abused its discretion in granting a summary judgment to defendants.

Lastly, as to two other causes of action defendants wrongly place the burden on plaintiff. Defendants' burden of production is to show that " 'one or more elements of' the [plaintiff's] 'cause of action' . . . 'cannot be established . . .' . . . ." (*Aguilar, supra*, 25 Cal.4th at p. 850; see § 437c,

---

[6] Section 437c, subdivision (p)(2) is a renumbered subdivision, (*o*)(2), at issue in *Aguilar*. (*Aguilar, supra*, 25 Cal.4th at p. 854; *Villa v. McFerren* (1995) 35 Cal.App.4th 733, 742 & fn. 6 [41 Cal.Rptr.2d 719].)

subd. (p)(2).) The burden can be satisfied by a showing that "the plaintiff does not possess, and cannot reasonably obtain, needed evidence . . . ." (*Aguilar, supra*, at p. 854.) "If a plaintiff pleads several theories, the defendant has the burden of demonstrating there are no material facts requiring trial on any of them. 'The moving defendant whose declarations omit facts as to any such theory . . . permits that portion of the complaint to be unchallenged.' " (*Hufft v. Horowitz* (1992) 4 Cal.App.4th 8, 13 [5 Cal.Rptr.2d 377], citation omitted.)

In this case plaintiff seeks evidence in the possession of defendants to establish that they wrongfully appropriated or retained $100,000 of receipts from the brothers' partnership. The purpose of an accounting is to discover evidence, and plaintiff cannot be faulted for having failed to produce what plaintiff did not possess. As to the second claim regarding the wrongful appropriation of $100,000 of the partnership assets, defendants produced no evidence that they had a right to the $100,000. Accordingly, they cannot carry their burden of negating an element of plaintiff's cause of action predicated upon entitlement to the money.

We shall reverse the judgment and direct that the trial court deny the motion for summary judgment.[7]

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is the sister of two deceased brothers, George and Charles Besotes. Ann Besotes was married to Charles Besotes. Yvonne McLoughlin was Charles's daughter. She is married to James McLoughlin. George Besotes's wife predeceased him. They had no children.[8]

Ann and Charles were married in 1937. At that time Charles and George were working with their father in the produce business. Later, the brothers were in partnership in a boat building business. The partnership also purchased several parcels of real estate.

In late 1999, the brothers went to see their attorney for estate planning. Part of their discussion included the division of their real property. The trust

---

[7] Plaintiff has alleged other causes of action subject to the trial court's granting of a summary judgment. Because we reverse the summary judgment on three of the causes of action we have no occasion to consider the remaining claims. "A defendant is entitled to summary judgment [only] if the record establishes as matter of law that *none* of the plaintiff's asserted causes of action can prevail. [Citation.]" (*Molko v. Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46], italics added.)

[8] We refer to various Besotes and McLoughlins by their first names for clarity and intend no disrespect thereby.

eventually created for Charles and Ann (the Charles trust) is not a part of the record, but the treatment of the real property is reflected in the George trust. Article five, paragraph C of the George trust provides as follows: "Upon the death of either the settlor or Charles Besotes, the trustee shall exchange with the trustee of the Charles Besotes and Ann G. Besotes 2000 Revocable Trust, real properties of each trust as follows: The trustee of the George C. Besotes 2000 Revocable Trust shall deed to the trustee of the Charles Besotes and Ann G. Besotes 2000 Revocable Trust all of the settlor's interest in the real properties located at 1937 and 1945 N. Wilson Way . . . , 1936 and 1938 Auto Avenue . . . , and 2605, 2615, and 2621 Waterloo Road . . . , all in Stockton, California. Simultaneously, and as consideration for the transfer, the trustee of the Charles Besotes and Ann G. Besotes 2000 Revocable Trust shall deed to the trustee of the George C. Besotes 2000 Revocable Trust all of the Charles Besotes and Ann G. Besotes Trust interest in the real property located at 1900 N. Wilson Way . . . , Stockton, California."

George was the sole trustee of the George trust. Charles was named the first successor trustee, and plaintiff the second successor trustee. The trust provided that on the death of either brother, the estate would be distributed to various nieces and nephews, with the largest share, 20 percent, going to plaintiff.

On June 26, 2002, George executed the first amendment to the George trust. It provides in pertinent part: "Article Five, paragraph C., is amended to delete any reference therein to Settlor's interest in property commonly known as 2605, 2615, and 2621 Waterloo Road, Stockton, California . . . due to Settlor's desire to sell said property. All other terms of Article Five, paragraph C. shall remain unchanged except for this deletion and modification."[9]

Charles died on August 24, 2002.[10] A few days later, on September 6, 2002, plaintiff and defendants met to accomplish the property transfer described in the trusts.[11] Notwithstanding the amendment removing the Waterloo Road property from the George trust, plaintiff signed a deed to the Waterloo Road property to the Charles trust as if the property were still subject to the unamended trust provisions.

Plaintiff filed an action as successor trustee to the George trust, seeking to recover a one-half interest in the Waterloo Road property for George's heirs,

---

[9] The provision does not provide that, if the property was not sold, it would be restored to the trust and made subject to the exchange agreement. Nor does the record show it was amended to do so.

[10] Although the record does not contain the brothers' partnership agreement, its provision of a 50-50 split of the partnership property is the assumed basis for plaintiff's claim.

[11] As noted, George died a few weeks later, on October 1, 2002.

as well as approximately $100,000 that plaintiff alleged was transferred by Charles from George's bank account to Charles's bank account in June 2001. The trial court sustained defendants' demurrer to five of plaintiff's eight causes of action.

After the case was consolidated with another action, filed by plaintiff individually and in her capacities as successor trustee and personal representative of George, plaintiff filed a consolidated and amended complaint. The consolidated complaint alleged inter alia that Charles had unduly influenced George with respect to the property transfers contained in the George trust, and had taken, secreted, appropriated, and/or retained the $100,000 sum "to a wrongful use or with an intent to defraud, or both."

Defendants again demurred on the ground that plaintiff's complaint based upon Charles's conduct violated the one-year statute of limitations measured from the date of Charles's death. The trial court sustained the demurrer *without* leave to amend as to the cause of action for fraud and unfair business practices, as well as to all claims based on Charles's conduct. The trial court also granted defendants' motion to strike the portions of the complaint based on the actions of Charles or based on the derivative liability for his actions.

Plaintiff then filed a second amended and consolidated complaint, which is the complaint to which the summary judgment motion is addressed. As is relevant to this appeal, the complaint alleged (1) that Ann, with assistance from Yvonne and James, "took, secreted, appropriated, and/or retained" the $100,000 sum from George "to a wrongful use or with an intent to defraud, or both"; (2) that defendants took and concealed George's interest in real property; (3) that George amended his trust on June 26, 2002, to delete from article Five, paragraph C of the trust any reference to the Waterloo Road property; (4) that plaintiff deeded the George trust's 50 percent interest in the Waterloo Road property to the Charles trust without knowing about the June 26, 2002, amendment[12]; and (5) that defendants were aware of the trust amendment. Plaintiff also alleged that before the death of Charles, and continuing to November 2003, defendants "took control of the assets and operations of a business known as the Besotes Brothers Partnership," that defendants did so to the detriment of George and his heirs, and requested an accounting.

The second amended and consolidated complaint alleges nine claims for relief, characterized as follows: (1) abuse of elder and/or dependent adult,

---

[12] The second amended complaint avers that the deed to the Waterloo Road property was signed by plaintiff "at the insistence of DEFENDANTS" and that the deed "should never have been executed [and the property] should have [been] distributed pursuant to the terms of [the] Trust and the First Amendment thereto."

(2) breach of confidential relationship, (3) undue influence, (4) declaratory relief, (5) cancellation of deeds, (6) quiet title, (7) accounting, (8) constructive trust, and (9) conspiracy.[13]

As noted, George amended his trust on June 26, 2002 (the First Amendment), to delete from article Five, paragraph C of the trust any reference to the Waterloo Road property. The First Amendment is set forth in full in paragraph 18.15 of the second amended and consolidated complaint, the subject of the summary judgment motion, and a copy of the First Amendment is attached to plaintiff's initial complaint as part of exhibit A (the George trust).[14] The complaint alleges, in the second paragraph of paragraph 18.15, that "[a]s a result of the First Amendment, the Waterloo Road property was no longer subject to the exchange 'agreement' contained in Article Five, Paragraph C" of the original George trust.

Defendants answered the allegations as follows: "Answering Paragraph 18.15 of Plaintiff's Complaint, Defendants lack sufficient information or belief as to admit or deny the allegation when the First Amendment to George C. Besotes Revocable Trust was signed by George Besotes and, on that basis, denies those allegations. As for the second paragraph of Paragraph 18.15, that as a result of the First Amendment . . . the Waterloo Road property was no longer subject to the exchange agreement contained in Article Five, Paragraph C of the George C. Besotes 2000 Revocable Trust, it contains a legal conclusion to which no response is needed."

The answer does not deny the existence of the First Amendment, rather it implies its existence. Moreover, the declaration of John Cammack, the attorney who prepared the trusts for George and Charles, in support of defendants' reply to opposition to motion for summary judgment, avers that he "prepared [the] amendment to the George C. Besotes 2000 Revocable Trust removing one piece of real property from Article 5 of the trust . . . [i]n order to effectuate the sale [of] the property . . . ." Although he further averred that the property was not sold and it was the intent of the brothers that it would remain subject to the exchange provision of the George trust if the Waterloo Road property did not sell, there is no claim or record of a

---

[13] We distill from the factual allegations of the pleadings the three claims that are dispositive of the motion for summary judgment pursuant to Pomeroy's primary right theory. (See 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 34, p. 98.) " '[T]he existence of a legal right in an abstract form is never alleged by the plaintiff; but, instead thereof, the facts from which that right arises are set forth, and the right itself is inferred therefrom.' " (*Ibid.*)

[14] A copy of the First Amendment is to be found at numerous places in the record.

rescission of the amendment to the George trust. It thus remains subject to the remaining provisions of the George trust.[15]

Defendants moved for summary judgment or, in the alternative, summary adjudication, filed a statement of undisputed facts on July 21, 2006, and set a hearing on the motion for October 5, 2006. In their points and authorities in support of the motion, defendants ignored plaintiff's claim on behalf of the George trust heirs to a one-half interest in the Waterloo Road property and placed the entire burden of proof on plaintiff on the remaining causes. They say: "This case is the prime example of why courts have the power to grant summary judgment because after two and a half years of litigation Plaintiff has not, and cannot, offer any evidence to support any of her allegations." Rather, defendants' sole reliance is on the unamended provisions of the George trust.[16]

Plaintiff filed her response to defendants' separate statement of undisputed facts and her evidentiary declarations on September 22, 2006, one day late, without points and authorities. Her points and authorities were filed four days late on September 25, 2006. It informed the court that the Waterloo Road property "had been amended out of the 'trust administration' provision of the George C. Besotes 2000 Trust as of June 26, 2002 (see Plaintiff's Second Amended Complaint ¶¶ 18.15, 18.22; Plaintiff's Separate Undisputed Facts No. 23 . . . ."

In ruling on the summary judgment motion, the trial court found that plaintiff's opposition did not comply with section 437c and that subdivision (b)(3) allowed the court discretion to grant the motion. The court chose to exercise its discretion "because, now that opposing parties are given 75 days notice of a summary judgment motion, the court can find no excuse for late or incomplete filings, and none was offered by plaintiff's counsel." (Fn. omitted.) The court also stated that "[d]efendants set forth a prima facie case for judgment with their moving papers and evidence," without, however, setting forth support for the claim.

Following the trial court's order granting summary judgment, plaintiff filed a motion for relief from the order, which the trial court denied. This appeal followed.

---

[15] The immediate effect of the amendment was to retain George's one-half interest in the Waterloo Road property in the George trust, subject to the provision that "[u]pon the death of settlor . . . the trustee shall distribute the remaining trust estate to the following persons and in the portions shown . . . ."

[16] The reference to supporting evidence is to the "George C. Besotes 2000 Revocable Trust, attached as Tab 17 to DEMSJ." That reference is to the unamended trust.

## DISCUSSION

Plaintiff argues on appeal inter alia that the trial court was in error in granting the summary judgment motion, and that the heirs of the George trust are entitled to a one-half interest in the Waterloo Road property by virtue of the amendment to the trust removing the property from its exchange provisions. Plaintiff also argues that plaintiff had no duty to assert the facts entitling her to an accounting of the brothers' partnership assets and that defendants failed to claim an entitlement to the $100,000 in partnership assets.

I

### The Court's Discretion Under Section 437c, Subdivision (b)(3) Is Subject to Subdivision (b)(1)

■ The trial court granted defendants' summary judgment motion by exercise of its discretion to grant a summary judgment under section 437c, subdivision (b)(3). But that discretion applies only to the failure to support with evidence each material fact contended to be disputed.[17] If there is no such fact, as required by section 437c, subdivision (b)(1), no evidence is required and there is nothing to which the opposing party must respond.

"The purpose of a summary judgment proceeding is to permit a party to show that *material* factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court, supra,* 162 Cal.App.3d at p. 605, italics added; see § 437c, subd. (a).) The purpose is carried out in section 437c, subdivision (b)(1) by requiring the moving party to include in the moving papers "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed . . . [together with] a reference to the supporting evidence." "The complaint measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action" (*FPI Development, Inc. v. Nakashima, supra,* 231 Cal.App.3d at p. 381), hence the moving party's separate statement must address the material facts set forth in the complaint.

Under section 437c, subdivision (a), a summary judgment may be granted "if it is contended that the action has no merit . . . ." Under section 437c,

---

[17] Section 437c, subdivision (b)(3), in relevant part provides: "Failure to comply with *this requirement* of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (Italics added.)

Read grammatically, "this requirement" refers in the singular to the preceding sentence since there is more than one requirement in section 437c, subdivision (b)(3). The sentence reads: "Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence." (*Ibid.*) That is the only failure to which the court's express discretion applies.

subdivision (p)(2), a moving party defendant has the "burden of showing that a cause of action has no merit [and] that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . ." "Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists . . . ." (*Ibid.*) The Supreme Court has interpreted this provision to require that "the party moving for summary judgment bear[] an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact . . . ." (*Aguilar, supra*, 25 Cal.4th at p. 850; see § 437c, former subd. (*o*) [now subd. (p)(2)].)[18] It is only when this burden is satisfied that "the opposing party is . . . subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (25 Cal.4th at p. 850.)

"While subdivision (b) of section 437c allows the court, in its discretion, to grant summary judgment if the opposing party fails to file a proper separate statement, this provision does not authorize doing so without first determining that the moving party has met its initial burden of proof." (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1086 [94 Cal.Rptr.2d 575]; see also *Boyle v. CertainTeed Corp.* (2006) 137 Cal.App.4th 645, 654 [40 Cal.Rptr.3d 501]; *Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 59 [72 Cal.Rptr.2d 359].) This presupposes that the moving party has addressed the material facts of the complaint. If not, the moving party cannot meet its burden of persuasion. "[G]enerally, from commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar, supra*, 25 Cal.4th at p. 850, fn. omitted.) In this case the material fact of the George trust amendment was set forth in the complaint, and a copy of the amendment was incorporated in the initial complaint and was referred to in the operative complaint.

■ The procedures for implementing the burdens of section 437c, subdivision (p)(2) are set forth in subdivision (b). As noted, the moving party must file a separate statement setting forth all material facts contended to be undisputed together with supporting evidence. (*Id.*, subd. (b)(1).) If the moving party complies with this provision, the burden shifts to the opposing party to provide a separate statement of the material facts in dispute together with supporting evidence. (*Id.*, subds. (p)(2), (b)(3).)

The timing requirements for the filing of these documents are set forth in section 437c, subdivisions (a) and (b). The moving party must file a notice of

---

[18] As applicable here, section 437c, subdivision (p)(2) provides in relevant part that the moving party "defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . ."

motion and supporting papers "at least 75 days before the time appointed for hearing." (*Id.*, subd. (a).) "[O]pposition to the motion shall be served and filed not less than 14 days preceding the noticed . . . date of hearing . . ." (*id.*, subd. (b)(2)), and any reply thereto must be served and filed not less than five days before the noticed hearing (*id.*, subd. (b)(4)).

The statutory provisions providing for shifting burdens became effective in 1993 as section 437c, former subdivision (*o*) (now subd. (p)). (*Aguilar, supra*, 25 Cal.4th at p. 850; *Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 589–590 [37 Cal.Rptr.2d 653].) Nonetheless, "it was a well-established rule under the pre-January 1, 1993, versions of section 437c that unless the moving party meets its burden, summary judgment could not be ordered, *even though the opposing party has not responded sufficiently or at all.*" (*Villa v. McFerren, supra*, 35 Cal.App.4th at p. 743, italics added[19]; see *Quintilliani v. Mannerino, supra*, 62 Cal.App.4th at pp. 59–60; *Thatcher v. Lucky Stores, Inc., supra*, 79 Cal.App.4th at pp. 1085–1086; *Boyle v. CertainTeed Corp., supra*, 137 Cal.App.4th at p. 654; see also *Baldwin v. State* (1972) 6 Cal.3d 424, 439 [99 Cal.Rptr. 145, 491 P.2d 1121] ["The movant's affidavits must state facts sufficient to establish each element necessary to sustain a judgment in his favor. Unless they do, summary judgment should be denied, even though the opposing party files no affidavits whatsoever."]; accord, *Booska v. Patel* (1994) 24 Cal.App.4th 1786, 1788 [30 Cal.Rptr.2d 241]; *Valdez v. City of Los Angeles* (1991) 231 Cal.App.3d 1043, 1050 [282 Cal.Rptr. 726]; *Estate of Fisher* (1988) 198 Cal.App.3d 418, 425 [244 Cal.Rptr. 5]; *Lowry v. Henry Mayo Newhall Memorial Hospital* (1986) 185 Cal.App.3d 188, 195 [229 Cal.Rptr. 620].)

Although we have found three cases that say the discretion provision in section 437c, subdivision (b)(3) is subject only to a general test of abuse of discretion (*Whitehead v. Habig* (2008) 163 Cal.App.4th 896, 902 [77 Cal.Rptr.3d 679]; *Blackman v. Burrows* (1987) 193 Cal.App.3d 889, 893 [238 Cal.Rptr. 642]; *Reid v. State Farm Mut. Auto. Ins. Co.* (1985) 173 Cal.App.3d 557, 572 [218 Cal.Rptr. 913]),[20] and others have said so in dictum, they do not examine the shifting burdens imposed by section 437c, subdivision (p)(2).

___

[19] *Villa* cites to 29 cases in support of this proposition. (*Villa v. McFerren, supra*, 35 Cal.App.4th at pp. 743–744.)

[20] *Security Pacific Nat. Bank v. Bradley, supra*, 4 Cal.App.4th at page 95, footnote 4, asserts that "these cases cannot be interpreted to mean granting the motion on this ground is not subject to review for abuse of discretion."

Moreover, unlike either *Blackman* or *Security Pacific*, where no responsive separate statements were filed at all, in this case, plaintiff's separate statement was filed one day late. Neither *Blackman*, where the court indicated there was no abuse of discretion because the responding party had been given two opportunities to file the separate statement and had failed to do so, nor *Security Pacific*, where the court indicated it was an abuse of discretion to grant

Moreover, in every other case of which we are aware the court has determined whether the moving party has established a prima facie case of entitlement to a judgment. (See, e.g., *Hawkins v. Wilton, supra,* 144 Cal.App.4th at p. 946; *Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116 [113 Cal.Rptr.2d 90]; *Thatcher v. Lucky Stores, Inc., supra,* 79 Cal.App.4th 1081; *Kaplan v. LaBarbera* (1997) 58 Cal.App.4th 175 [67 Cal.Rptr.2d 903]; *Kulesa v. Castleberry* (1996) 47 Cal.App.4th 103, 112 [54 Cal.Rptr.2d 669]; *Security Pacific Nat. Bank v. Bradley, supra,* 4 Cal.App.4th at p. 95; *Sacks v. FSR Brokerage, Inc.* (1992) 7 Cal.App.4th 950 [9 Cal.Rptr.2d 306]; *United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 335 [282 Cal.Rptr. 368]; *Buehler v. Alpha Beta Co.* (1990) 224 Cal.App.3d 729 [274 Cal.Rptr. 14].)

■ It is within the trial court's discretion in a proper case under section 437c, subdivision (b)(3) to refuse to consider evidence not referenced in the opposition papers (*San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 318 [125 Cal.Rptr.2d 499]; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208 [35 Cal.Rptr.3d 411]). That, of course, may affect the evidence which the court considers and may elevate the significance of the evidence asserted in the moving party's separate statement. Nonetheless, the moving party must comply with the provisions of section 437c, subdivision (b)(1) and its separate statement must address the allegations of material fact in the complaint. If, as here, the moving parties fail to do so, the motion for summary judgment must be denied.

## II

### Defendants Did Not Address a Material Allegation of the Complaint, the George Trust Amendment

■ Plaintiff argues that the summary judgment must be reversed because defendants did not address the amendment to the George trust in their motion for summary judgment. We agree.

Defendants argue that they presented evidence the Waterloo Road property was transferred pursuant to the terms of the George trust, and the fact that they "did not specifically mention the alleged amendment to the George Besotes Trust . . . does not defeat their Motion." They claim that "[i]f [plaintiff] wanted to argue the alleged trust amendment somehow made the

---

the motion without allowing the responding party an opportunity to file a separate statement, is authority for the trial court's actions in this case, where the separate statement was filed one day late.

transfer improper, [plaintiff] was required to—but did not—offer that evidence in *opposition* to [defendants'] Motion." (Italics added.) We disagree.

Defendants assume they may evade a response to plaintiff's cause of action by ignoring a key allegation of the complaint that establishes the materiality of the claim and may ignore the evidence of the amendment incorporated in the complaint. However, a summary judgment motion necessarily is addressed to the pleadings. (§ 437c, subd. (b)(1).) "The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court, supra,* 162 Cal.App.3d at p. 605.) Materiality depends on the issues in the case, and what matters are at issue is determined by the pleadings, the rules of pleadings, and the substantive law. (*Id.* at p. 604, fn. 3.) "The complaint measures the materiality of the facts tendered in a defendant's challenge to the plaintiff's cause of action." (*FPI Development, Inc. v. Nakashima, supra,* 231 Cal.App.3d at p. 381.) The distinction between a material fact and its supporting evidence lies in the difference between an ultimate fact, an element of a cause of action, and an evidentiary fact which supports the existence of the element.[21]

As noted, the operative complaint recites the provisions of the trust amendment and alleges that as a result George's interest in the Waterloo Road property "was no longer subject to the exchange 'agreement' . . . ." A copy of the trust amendment was incorporated in plaintiff's initial complaint and is part of defendants' moving papers. Defendants' answer did not deny the existence of the trust amendment or deny "that as a result . . . the Waterloo Road property was no longer subject to the exchange agreement . . . ." Rather, it said the latter allegation "contains a legal conclusion to which no response is needed." On appeal defendants do not contest the fact of the amendment or challenge its legal effect.

As noted, the moving papers include the second amended and consolidated complaint, to which the motion for summary judgment was directed, and a copy of the amended trust was incorporated in the initial complaint and is contained in the record as part of the moving papers.[22] The complaint recites the provisions of the George trust amendment and alleges that as a result George's one-half interest in the Waterloo Road property "was no longer

---

[21] "The law and facts of a case bear a chicken and egg relationship. The law identifies the *kinds* of facts which are material to the case. The facts delimit the applicable propositions of law." (*Andalon v. Superior Court, supra,* 162 Cal.App.3d at pp. 604–605, fn. omitted.)

[22] Defendants' reference in their statement of undisputed facts is to "Tab 13 to DEMSJ." "Tab 13 to DEMSJ" is plaintiff's initial complaint, to which is attached exhibit A. Exhibit A is the George trust instrument together with its amendment removing the Waterloo Road property from its provisions.

subject to the exchange 'agreement' . . . ." It further alleges that plaintiff, as trustee, mistakenly deeded the property to the Charles trust because plaintiff was unaware of the amendment. Thus, the fact of the amendment was adduced at the outset of the pleading and no responsive statement and accompanying reference to the supporting evidence was required to establish it.

Defendants failed to address the allegation and supporting evidence. Rather, they set forth the unamended provision of the George trust as an undisputed material fact and support that assertion with a reference to a copy of the unamended trust. As a result defendants failed to comply with the requirement of section 437c, subdivision (b)(1) that the moving party's separate statement set forth the material facts which it contends are undisputed together with a reference to the supporting facts (*id.*, subd. (b)(1)),[23] and failed to comply with the requirement that the moving party set forth evidence "establish[ing]" a prima facie case (§ 437c, subd. (p)(2)).

■ Citing *Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1014 [48 Cal.Rptr.2d 174], defendants argue that the allegations in the complaint are insufficient to create a conflict in the evidence. Defendants miss the point. A complaint measures the materiality of the facts asserted as a cause of action. It ordinarily does not assert an evidentiary fact.[24] *Lyons* is inapposite because there the defendant presented evidence that contradicted the allegations of a nonverified complaint. (40 Cal.App.4th at p. 1012.) Here, there was no evidence contradicting the allegations regarding the trust amendment. The allegations were simply ignored, a fatal flaw, in the motion for summary judgment.

### III

### Elder Financial Abuse

Plaintiff claims the trial court improperly granted summary adjudication of her cause of action for elder financial abuse with respect to two items, the

---

[23] Section 437c, subdivision (b)(1) provides in relevant part: "The supporting papers shall include a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence."

This too is subject to the court's discretion. "The failure to comply with this requirement of a separate statement [i.e., the supporting evidence] may in the court's discretion constitute a sufficient ground for denial of the motion." (§ 437c, subd. (b)(1).)

[24] As noted, a copy of the amendment to the George trust was attached to and incorporated in the complaint. In the absence, as here, of a challenge to its evidentiary sufficiency it satisfies the requirement that a claim of disputed material fact be supported by evidence. (§ 437c, subd. (b)(3).)

$100,000 and certain unnamed partnership property. Her complaint also alleged elder financial abuse with respect to George's interests in real property, but plaintiff does not pursue this on appeal.

■ As noted, the issues are determined by the pleadings, the rules of pleadings, and the substantive law. The substantive law of elder abuse provides that financial abuse of an elder occurs when any person or entity takes, secretes, appropriates, or retains real or personal property of an elder adult to a wrongful use or with an intent to defraud, or both. A wrongful use is defined as taking, secreting, appropriating, or retaining property in bad faith. Bad faith occurs where the person or entity knew or should have known that the elder had the right to have the property transferred or made readily available to the elder or to his or her representative. (Welf. & Inst. Code, § 15610.30.)

### A. $100,000

With respect to the $100,000 transfer to the Charles trust, plaintiff alleged that in June 2001 (when both brothers were alive), $100,029.39 was transferred from the George trust bank account to the Charles trust bank account, that Ann was a cotrustee of the Charles trust, that Yvonne was a successor trustee of the Charles trust, and that Ann, with assistance from the other defendants, "took, secreted, appropriated, and/or retained this $100,029.39 from [George] and from Plaintiff, to a wrongful use or with an intent to defraud, or both."

Defendants denied these allegations. Thus, the complaint alleged four ways in which George was wrongfully deprived of the money, whether defendants took, secreted, appropriated or retained the money with knowledge that George had the right to have the money transferred or made readily available to him.

Defendants' summary judgment motion asserts that plaintiff had no evidence that defendants were involved in the transfer of funds. However, financial abuse of an elder can be stated not only against the person who takes the property, but also against the person who secretes, appropriates, or retains the property in bad faith. Defendants adduced no evidence regarding the reason for the alleged transfer of funds or defendants' knowledge of the transfer.[25] These facts would have been relevant to the issues of George's

---

[25] Defendants claim in their brief that they were never informed by plaintiff, or anyone, that they had money belonging to George. However the evidence cited does not prove this fact. Plaintiff testified that she never discussed the transfer of funds with any of the defendants, but that does not rule out defendants having learned of the transfer in some other way. Yvonne declared she was not aware of any misappropriation of funds by Ann, but this does not rule out

right to the money and defendants' bad faith. A summary judgment may not be granted when the moving party has failed to "refute [a] tenable pleaded theor[y]." (*Hawkins v. Wilton, supra,* 144 Cal.App.4th at p. 942.)

Having failed to adduce facts as to these elements of the cause of action, defendants' motion for summary adjudication of this cause of action was insufficient.

### B. *Partnership Property*

With respect to the unnamed partnership property, plaintiff alleged that defendants took control of the assets and operation of the Besotes Brothers Partnership after the death of Charles. Defendants denied this allegation. Plaintiff further alleged that defendants operated the partnership to George's detriment, and that defendants received partnership money and failed to pay or account for such money to George. Defendants denied these allegations.

The issue presented is whether defendants took, retained, secreted, or appropriated George's partnership assets with knowledge that George had the right to such assets.

Defendants' undisputed facts with respect to the partnership assets were (1) that plaintiff had not offered any evidence, facts, or details regarding what assets were *taken* from the partnership, when they were *taken*, how they were *taken*, and whether they belonged to George; and (2) that Ann was never responsible for the finances of the partnership, and knew very little about the partnership.

Since we are reviewing a summary judgment, "the relevant facts are limited to those set forth in the parties' statements of undisputed facts, supported by affidavits and declarations, filed in support of and opposition to the motion in the present case, to the extent those facts have evidentiary support. [Citations.] Facts not contained in the separate statements do not exist." (*Lewis v. County of Sacramento, supra,* 93 Cal.App.4th at p. 112, disapproved on another ground in *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 41–42 [34 Cal.Rptr.3d 520].)

The facts set forth in defendants' statement of undisputed facts are insufficient to meet their burden of production of a prima facie showing that one or more elements of plaintiff's cause of action cannot be established. The undisputed facts are insufficient in at least two respects. First, while they

---

any knowledge that Charles transferred the money, and that defendants failed to repay the money, knowing that George had a right to the money.

purport to cover partnership assets that were taken, they do not account for assets that were secreted, appropriated, or retained by defendants. In fact the allegations of the complaint are that defendants received money that they failed to turn over to George, not that they took any assets from him.

Second, there is a bad faith element of the cause of action, and while the undisputed facts state that Ann was never responsible for the partnership's finances, they do not rule out the responsibility of the other defendants for the partnership operations, or that any of the defendants knew George had a right to his share of partnership money.

A defendant moving for summary judgment is entitled to summary judgment if he or she either conclusively negates an element of the plaintiff's cause of action, or shows that the plaintiff cannot establish at least one element of the cause of action. (*Aguilar, supra*, 25 Cal.4th at p. 853.) In this case, defendants have not conclusively negated an element of the cause of action. They could have done so by adducing evidence that showed that none of them had taken, secreted, appropriated, or retained any partnership assets, or that if they did they did not do so in bad faith or with an intent to defraud.

Instead, they have attempted to show that plaintiff cannot establish at least one element of the cause of action by showing that plaintiff does not possess, and cannot reasonably obtain, the needed evidence. (*Aguilar, supra*, 25 Cal.4th at p. 854.) Such a showing may be made by presenting "evidence that the plaintiff does not possess, and cannot reasonably obtain, needed evidence" because she has been provided with extensive discovery and has discovered nothing. (*Aguilar, supra*, 25 Cal.4th at p. 855.)

In this case, one of plaintiff's discovery responses states that defendants have the partnership books and records, and that plaintiff has requested, but not been given access to them. Defendants, on the other hand, have not affirmatively shown that they have provided plaintiff with the partnership books and records. Under these circumstances, defendants have not met their burden of producing evidence that plaintiff cannot reasonably obtain the needed evidence. (*Aguilar, supra*, 25 Cal.4th at p. 854.)

Summary adjudication was improperly granted on this cause of action.

IV

Constructive Trust

Plaintiff claims the trial court improperly granted defendants' motion for summary adjudication with respect to the cause of action for a constructive trust relating to the Waterloo Road property, the $100,000, and the partnership assets.

■ Civil Code section 2224 sets forth the basis for the imposition of a constructive trust: "One who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it."

The provision is broad enough to encompass this action regardless of defendants' knowledge.

### A. *Waterloo Road Property*

The constructive trust issues with respect to the Waterloo Road property are whether defendants obtained George's interest in the Waterloo Road property through fraud, accident, mistake, or other wrongful act, and whether plaintiff had a better right to this property.[26]

Defendants adduced evidence in the summary judgment proceeding that before Charles's death, none of them had knowledge of the terms of the George trust and that the deed for the Waterloo Road property was transferred pursuant to the terms of the unamended trust. Nor did they address the 2002 amendment to the trust, their knowledge of the trust amendment, or their knowledge that the property had been transferred after Charles's death in contravention of the trust amendment. Even if defendants were unaware of the trust amendment, plaintiff could establish a cause of action for constructive trust based upon the transfer of the Waterloo Road property by mistake.

For these reasons summary adjudication was improperly granted as to this cause of action.

### B. *$100,000*

With regard to the $100,000, the facts alleged in the complaint were again the same as those alleged with respect to the financial abuse cause of action. The issues are whether defendants gained the $100,000 by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, and whether plaintiff would have a right to the money if defendants did not have it.

As with the partnership assets, defendants' summary judgment motion with respect to the money does not attempt to conclusively negate an element of the cause of action. This could have been done with evidence that defendants

---

[26] Plaintiff alleged the Waterloo Road property has been sold, and that the parties have stipulated that the funds from the sale will be deposited into a bank account until the litigation is resolved.

never possessed the money, or that they possessed the money and had a superior right to it. Instead, defendants attempted to show that plaintiff does not possess and cannot reasonably obtain the evidence plaintiff needs to prove her claim.

This they attempted to do by the following statement of undisputed fact: "Plaintiff has no evidence that any of the Defendants were involved in the alleged $100,029.39 transfer." This statement does not conclusively negate an element of the cause of action, because plaintiff could be entitled to a constructive trust with respect to the $100,000 if plaintiff can establish that any defendant gained the money by accident, mistake, fraud, undue influence, the violation of a trust, or other wrongful act. Thus, defendants could have gained possession of the money by mistake, even if they were not involved in the original transfer of the money. Because a constructive trust could be imposed upon the money even though none of the defendants were involved in the transfer of the money, summary judgment was improperly granted.

Moreover, the evidence supporting the undisputed statement of fact does not prove what defendants say it proves. The evidence is from plaintiff's deposition. Plaintiff stated she had learned about the $100,000 within the past two weeks. Plaintiff stated she had never discussed the transfer with Yvonne, Ann, or James, and she did not know if Yvonne or Ann had been involved in the withdrawal of the money. Plaintiff stated Charles and Ann established the account (presumably the account to which the money was transferred) and that both Charles and Ann signed on the account. She knew of no discussions between any of the defendants regarding the money.

This evidence shows only that plaintiff had never discussed the money transfer with any of the defendants. It established plaintiff had no evidence of Yvonne or Ann's involvement in the transfer, but it did not establish her possession of evidence with regard to James's involvement in the transfer.

### C. *Partnership Assets*

The issues with respect to the unnamed partnership assets are whether defendants gained the assets by fraud, accident, mistake, undue influence, violation of trust, or other wrongful act, and whether plaintiff had a superior right to the assets.

As with the cause of action for financial abuse, defendants' undisputed facts showing plaintiff had no evidence they "took" assets from the partnership fails to address the possibility that without taking the assets, they

nevertheless gained assets by fraud, accident, mistake, undue influence, violation of trust, or other wrongful act. As noted, plaintiff's discovery responses stated plaintiff was not given access to the partnership books and records; thus defendants have not shown that plaintiff cannot reasonably obtain the evidence.

### V

### Accounting

■ A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting. (*Brea v. McGlashan* (1934) 3 Cal.App.2d 454, 460 [39 P.2d 877]; 5 Witkin, Cal. Procedure, *supra*, Pleading, § 819, p. 236.)

An action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation. (*St. James Church of Christ Holiness v. Superior Court* (1955) 135 Cal.App.2d 352, 359 [287 P.2d 387].) A plaintiff need not state facts that are peculiarly within the knowledge of the opposing party. (*Brea v. McGlashan, supra*, 3 Cal.App.2d at p. 460.)

#### A. *Partnership Assets*

Plaintiff alleged that defendants "took control of the assets of the Besotes Brothers Partnership" after Charles died, to the detriment of George, and demanded an accounting of partnership assets. Defendants denied these allegations.

Defendants argue there was no relationship between the parties that would require an accounting. They argue they were never partners with George and that they were never in a fiduciary relationship with George and that, without either of these, there was no predicate relationship entitling plaintiff to an accounting.

■ However, a fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. (*Kritzer v. Lancaster* (1950) 96 Cal.App.2d 1, 7 [214 P.2d 407].) The right to an accounting can arise from the possession by the defendant of money or property which, because of the

defendant's relationship with the plaintiff, the defendant is obliged to surrender. (1A C.J.S. (2005) Accounting, § 6, p. 7.) If defendants took over the business and assets of the partnership, they would have a sufficient relationship to George, or to the executor of his estate and trustee of his revocable trust, to require an accounting of the partnership business. Defendants produced no evidence to show they did not take over the partnership assets after Charles's death; therefore this material fact is still at issue.

Defendants claim they pointed to plaintiff's discovery responses to show that plaintiff was unable to identify any partnership assets "taken" by defendants. As stated above, a defendant moving for summary judgment may shift the burden of proof to the plaintiff by relying on the plaintiff's factually insufficient discovery responses to show the plaintiff cannot establish an essential element of the cause of action. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1598 [50 Cal.Rptr.2d 431].)

However, the nature of a cause of action in accounting is unique in that it is a means of discovery. An accounting is a "species of disclosure, predicated upon the plaintiff's legal inability to determine how much money, if any, is due." (1A C.J.S., *supra*, Accounting, § 6, pp. 7–8, fn. omitted.) Thus, the purpose of the accounting is, in part, to discover what, if any, sums are owed to the plaintiff, and an accounting may be used as a discovery device. (1A C.J.S., *supra*, Accounting, § 26, p. 26.) An action for accounting is not amenable to a motion for summary judgment or summary adjudication upon a showing that the plaintiff does not possess and cannot reasonably obtain the evidence needed to compel the accounting, because the very purpose of the accounting is to obtain such evidence.

We therefore hold that defendants may not, as they have attempted to do, obtain summary adjudication of the accounting cause of action on the basis of plaintiff's insufficient discovery answers.

### B. *Waterloo Road Property and $100,000*

With one exception, any amounts to which plaintiff is entitled because of the transfer of the Waterloo Road property, or the appropriation or retention of the $100,000, consist of a sum certain or a sum that can be made certain by calculation, and plaintiff cannot state a cause of action for accounting as to these claims. The exception is plaintiff's claim that plaintiff is entitled to an accounting of any profits made by defendants on account of the Waterloo Road property after plaintiff transferred the property to them, but before they sold the property. The summary adjudication with respect to such sums is reversed for the same reasons stated with respect to the partnership assets.

## DISPOSITION

The judgment is reversed. The trial court is directed to deny the motion for summary judgment. Plaintiff shall recover her costs on appeal.

Scotland, P. J., and Robie, J., concurred.

A petition for a rehearing was denied May 12, 2009.