Filed 8/25/15  Valera v. Countrywide Home Loans CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROLANDO VALERA, | |
| Plaintiff and Appellant, | E061393 |
| v. | (Super.Ct.No. CIVDS1103926) |
| COUNTRYWIDE HOME LOANS, INC. et al. | O P I N I O N |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez and Michael A. Sachs, Judges.  Affirmed.

The Chang Firm and Randy Chang for Plaintiff and Appellant.

Bryan Cave, Stuart W. Price, and Jennifer N. Asensio for Defendants and Respondents.

## I.  INTRODUCTION

Plaintiff and appellant, Rolando Valera, appeals from the judgment following the trial court's granting of the motion for summary judgment by defendants and

1

respondents, Countrywide Home Loans, Inc., Bank of America, N.A., ReconTrust Company, N.A., and Impac Funding Corporation (Impac). Following successive amendments to his complaint and the successful demurrers of various parties, only two viable causes of action remained against defendants in plaintiff's operative third amended complaint: a cause of action for quiet title and a cause of action for breach of the covenant of good faith and fair dealing. Plaintiff raises no claim on appeal that the trial court improperly granted summary judgment as to the cause of action for quiet title. Thus, the sole issue on appeal is whether a triable issue of fact exists as to whether Impac breached the covenant of good faith and fair dealing by refusing to honor a fixed rate on his loan modification.

## II. FACTS AND PROCEDURAL BACKGROUND

In 2006, plaintiff obtained a loan in the amount of $416,990 secured by a deed of trust encumbering residential property in Fontana. Plaintiff failed to make the scheduled payments on the loan, and in 2008 signed a loan modification agreement.

The loan modification agreement provides: "The Borrower promises to pay the Unpaid Principal Balance, plus Interest, to the order of the Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of (See Attached Addendum) from [the] 1st day of June 2008 to [the] 1st day of June 2010. The amount of the monthly payment is changed to (See Attached Addendum) for the first 24 payments, and thereafter will be in an amount as calculated to the original terms of the Note. . . ."

2

The addendum provides: "The Agreement provides for an Initial Interest rate of 4.250% which will be charged from the 1st day of June 2008. The initial monthly interest payment shall be $1,524.78 and shall be due and payable on the 1st day of July 2008. [¶] a) The interest rate shall then change on the 1st day of June 2009 at which time it shall be increased to 4.250%. The monthly interest payment shall be increased to $1,524.78 and shall be due and payable on the 1st day of July 2009. [¶] Thereafter the interest rate and monthly principal and interest payment shall remain the same until such time as the principal and interest due under the Note are paid in full. If on [the] 1st day of June 2036 (the 'Maturity Date'), the Borrower still owes amounts under the Note and Security Instrument, as amended by the Agreement and this Addendum, the Borrower shall pay these amounts in full on the Maturity Date."

On October 29, 2013, defendants moved for summary judgment on the causes of action remaining against them. The underlying basis of the motion was that plaintiff defaulted on his loan modification payments. In support of the motion, Impac provided the loan modification agreement as well as a declaration of an assistant vice-president; the declaration stated that plaintiff's loan modification "lowered the monthly payments and fixed the interest rate at 4.25% for the life of the Loan." Plaintiff provided no contrary evidence.

The trial court granted the motion and entered a judgment of dismissal.

### III. DISCUSSION

A. *Standard of Review*

A trial court properly grants summary judgment when there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute. [Citation.]" (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)

A moving party defendant is entitled to summary judgment if it establishes a complete defense to the plaintiff's causes of action, or shows that one or more elements of each cause of action cannot be established. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 849.) A moving party defendant bears the initial burden of production to make a prima facie showing that no triable issue of material fact exists. Once the initial burden of production is met, the burden shifts to the responding party plaintiff to demonstrate the existence of a triable issue of material fact. (*Id.* at pp. 850-851.) From commencement to conclusion, the moving party defendant bears the burden of persuasion that there is no triable issue of material fact and that the defendant is entitled to judgment as a matter of law. (*Id.* at p. 850.)

On appeal following the grant of summary judgment, we review the record de novo, considering all of the evidence except that to which objections were made and sustained. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) "We liberally

4

construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Ibid.*)

"Our review of the summary judgment motion requires that we apply the same three-step process required of the trial court. [Citation.] 'First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading. [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] . . . [¶] . . . [T]he third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue. [Citation.]' [Citation.]" (*Todd v. Dow* (1993) 19 Cal.App.4th 253, 258.)

"'The purpose of a summary judgment proceeding is to permit a party to show that material factual claims *arising from the pleadings* need not be tried because they are not in dispute.' [Citation.]" (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 172, italics added.)

B. *Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing*

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*. [Citation.] The covenant thus cannot "'be endowed with an existence independent of its contractual

5

underpinnings.'" [Citations.] It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 349-350.)

In support of his cause of action for breach of the covenant of good faith and fair dealing, plaintiff alleged in his third amended complaint that he entered into a loan modification agreement with a permanent interest rate of 4.250 percent. He alleges that another portion of the agreement states that the interest rate is adjustable. He admits that he has withheld performance under the loan modification agreement pending defendants' "cur[ing of] the contradiction." At the trial level and on appeal, he contends defendants breached the covenant of good faith and fair dealing because they "refused to honor the fixed rate" on his loan modification. Defendants "offered him fixed rate modification but then snuck in the clause which states that the interest rate will be adjustable." He contends that "[t]he conflicting terms alone created a triable issue of fact."

To respond to the above allegation, defendants submitted undisputed facts that plaintiff received a loan modification and failed to make the scheduled loan payments. In support thereof, they submitted the declaration of assistant vice-president, Daniel Leon, and a copy of the loan modification agreement.

In his declaration, Mr. Leon indicates: "On May 20, 2008, Plaintiff accepted the modification and began making modified payments. The modification lowered the monthly payments and *fixed* the interest rate at 4.25% for the life of the Loan. . . . [¶] . . .

6

Plaintiff again failed to make the scheduled payments on the Loan, placing him in default. . . . [¶] . . . Plaintiff remains in default under the Loan." (Italics added.)

The agreement provides that the interest rate will remain at 4.25 percent and the dollar amount shall remain the same until the note is paid in full. Read as a whole, the modification agreement unmistakably established a fixed rate loan at an interest rate of 4.25 percent for the life of the loan. (See *DVD Copy Control Assn., Inc. v. Kaleidescape, Inc.* (2009) 176 Cal.App.4th 697, 713 [whether an ambiguity exists is a question of law subject to de novo review on appeal.])

In response, plaintiff merely declared that he did not make any further payments "due to the contradictory agreement terms and refused to do so until such time [defendants] cure[d] the contradiction—the proverbial once bitten, twice shy." This statement does not create a triable issue of material fact given the relatively clear provisions of the modification agreement.

## IV. DISPOSITION

The judgment is affirmed. Costs are awarded to respondents.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING
J.

We concur:

McKINSTER
Acting P.J.

MILLER
J.

7