NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW F. GALLAGHER; MELISSA A. GALLAGHER, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. BANCORP, DBA U.S. Bank, N.A., As Trustee Successor in Interest to Bank of America, National Association, As Trustee (Successor by Merger to LaSalle Bank National Association) As Trustee for Thornburg Mortgage Securities Trust 2006-4; et al., <br><br> Defendants-Appellees. | No. 13-55844 <br><br> D.C. No. 2:12-cv-06145-MWF-PJW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since February 23, 2017, pending issuance of

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the mandate in *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court.  We hereby lift the stay.

Matthew F. Gallagher and Melissa A. Gallagher appeal pro se from the district court's order dismissing their action alleging federal and state law foreclosure-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040-41 (9th Cir. 2011).  We may affirm on any ground supported by the record.  *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir. 1998).  We affirm.

The district court properly dismissed the Gallaghers' Fair Debt Collection Practices Act ("FDCPA") claim because the Gallaghers failed to allege facts sufficient to show that any defendant is a debt collector within the meaning of the FDCPA.  *See* 15 U.S.C. § 1692a(6) (definition of "debt collector" under FDCPA); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013) (complaint "must plead factual content that allows the court to draw the reasonable inference" that defendant is a "debt collector" as defined by the FDCPA (citation and internal quotation marks omitted)).

The district court properly dismissed the Gallaghers' Truth in Lending Act ("TILA") damages claim because it is barred by the statute of limitations and the

Gallaghers failed to plead facts demonstrating that equitable tolling should apply. *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); *Cervantes*, 656 F.3d at 1045 (equitable tolling applies where "despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)).

The district court properly dismissed the Gallagher's claim under California's Unfair Competition Law ("UCL") because the Gallaghers failed to allege facts sufficient to show that they had standing to bring a UCL claim. *See Turner v. Wells Fargo Bank NA*, 859 F.3d 1145, 1150-51 (9th Cir. 2017) (borrowers who were in default lacked standing to bring a UCL claim).

Dismissal of the Gallaghers' remaining claims was proper because the Gallaghers failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also* 12 U.S.C. § 2605(f)(1)(A) (allowing recovery of "actual damages" under the Real Estate Settlement Procedures Act); Cal. Civ. Code §§ 1788.1(b) (California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") applies to the collection of consumer debts), 1788.2(c) (defining "debt collector" under the RFDCPA), 2923.5 (providing that a "mortgagee, trustee, beneficiary, or

13-55844

authorized agent" may file a notice of default under § 2924); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557-58 (9th Cir. 2010) (civil RICO); *Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 697-99 (Ct. App. 2010) (breach of contract and breach of the implied covenant of good faith and fair dealing); *Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 715 (Cal. Ct. App. 2009) (accounting); *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal.*, 114 Cal. Rptr. 2nd 109, 125-26 (Ct. App. 2001) (quasi-contract); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991) (negligence).

To the extent that Gallaghers challenge the validity of the purported securitization of their loan, they lack standing to raise such a challenge. *See Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) (holding that an allegedly forged or untimely assignment of a loan into a securitized trust was merely voidable and, therefore, the borrower lacked standing to challenge its validity). We reject as without merit the Gallaghers' contention that the purported securitization of their loan affected the enforceability of the note or deed of trust.

The district court did not abuse its discretion by granting defendants' request for judicial notice because the documents in questions were matters of public record. *See* Fed. R. Evid. 201(b)(2); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (standard of review).

4

We reject as without merit the Gallaghers' contentions that defendants should have produced evidence in connection with their motions to dismiss and that the Gallaghers were entitled to discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The stay of non-judicial foreclosure proceedings (Docket Entry No. 20) is hereby lifted.

**AFFIRMED.**

13-55844