**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIM ROSS MESKIMEN; TAMRA MESKIMEN, | No.   18-55394 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-05757-GW-FFM |
| v. | MEMORANDUM* |
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Trustee as Trustee of CWALT, Inc., Alternative Loan Trust 2006-9T1, Mortgage Pass-Through Certificates, Series 2006-9T1; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Jim Ross Meskimen and Tamra Meskimen appeal pro se from the district

court's judgment dismissing their action alleging claims under the Real Estate

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Settlement Procedures Act ("RESPA"), the Declaratory Judgment Act ("DJA"), and state law relating to the loan secured by their real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed the Meskimens' claims under the DJA because all of the Meskimens' predicate claims failed. *See* 28 U.S.C. § 2201(a) (basis for declaratory relief in federal courts); Cal. Civ. Code § 1095 (requirements for execution of instruments transferring an estate in real property by attorney in fact); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-796 (Ct. App. 2016) (allegedly untimely assignment of a loan into a securitized trust was merely voidable rather than void, and therefore borrower lacked standing to challenge its validity); *Teselle v. McLoughlin*, 92 Cal. Rptr. 3d 696, 715 (Ct. App. 2009) (elements of an accounting cause of action under California law).

The district court properly dismissed the Meskimens' cancellation of instruments and misrepresentation claims based on the allegedly void assignment. *See Saterbak*, 199 Cal. Rptr. 3d at 795-796; *Thompson v. Ioane*, 218 Cal. Rptr. 3d 501, 512 (Ct. App. 2017) (setting forth elements of cancellation of instruments claim under California law); *Wilhelm v. Pray, Price, Williams & Russell*, 231 Cal.

Rptr. 355, 357-358 (Ct. App. 1986) (setting forth elements of fraud or misrepresentation claim under California law).

The district court properly dismissed the Meskimens' unfair competition claim because the Meskimens failed to allege facts sufficient to show that defendants engaged in business acts that were independently unlawful, unfair or fraudulent. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business acts").

The district court properly dismissed the Meskimens' intentional infliction of emotional distress claim because the Meskimens failed to allege facts sufficient to show that defendants' conduct was extreme and outrageous. *See Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993) (discussing elements of an intentional infliction of emotional distress claim under California law).

Dismissal of the Meskimens' RESPA claim concerning defendant Bank of America Home Loan's failure to respond or inadequate response to the Meskimens' Qualified Written Request ("QWR") was proper because the Meskimens failed to allege facts sufficient to state a plausible claim for relief. *See* 12 U.S.C. § 2605(e)(1)(B) (setting forth requirements for a QWR); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by denying the Meskimens

further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that a district court's discretion is particularly broad when it has already granted leave to amend).

We reject as without merit the Meskimens' contention that the district court judge was biased.

We do not consider matters raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-55394