NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> KRISTOPHER HUGHES; et al., <br><br> Defendants-Appellees. | Nos. 19-55489 <br> 19-55766 <br><br> D.C. No. <br> 2:16-cv-08962-CAS-KS <br><br><br> MEMORANDUM[*] |
| MANUFACTURING AUTOMATION AND SOFTWARE SYSTEMS, INC., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> KRISTOPHER HUGHES; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> PCVUE, INC.; EDWARD NUGENT, <br><br> Defendants. | No. 19-55691 <br><br> D.C. No. <br> 2:16-cv-08962-CAS-KS |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeals from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 10, 2020
Pasadena, California

Before:  WATFORD, THAPAR,** and COLLINS, Circuit Judges.

Manufacturing Automation & Software Systems, Inc. (MASS, Inc.) sued two former employees, Kristopher Hughes and James Huysentruyt, along with other defendants, for allegedly stealing proprietary information to start a new, competing business.  After trial, a jury returned a verdict for defendants on some claims and partly in MASS, Inc.'s favor on other claims, including claims for misappropriation of trade secrets and breach of contract.  After the parties exchanged proposed judgments and submitted them to the district court, the court entered judgment for defendants on all claims.  MASS, Inc. appeals from the judgment as well as a subsequent order declining to award MASS, Inc. attorney's fees and costs.  Huysentruyt cross-appeals from the district court's order denying his "motion for attorney's fees, without prejudice to Huysentruyt's making a showing of fees expended only in defending the breach of contract claim."  We affirm.

---

** The Honorable Amul R. Thapar, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

**1**.  The district court permissibly exercised its discretion by entering judgment for defendants.  *See Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003).  With the exception of the claim for misappropriation of trade secrets, each of the claims on which MASS, Inc. ostensibly prevailed required proof of damages as an essential element of the claim.  *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I) and (g) (Computer Fraud and Abuse Act); Cal. Penal Code § 502(e)(1) (California Comprehensive Computer Data Access and Fraud Act); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (fraud); *Youst v. Longo*, 43 Cal. 3d 64, 71 (1987) (interference with prospective economic advantage); *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (2014) (breach of contract); *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (accounting); *Mosier v. Southern California Physicians Insurance Exchange*, 63 Cal. App. 4th 1022, 1044 (1998) (breach of fiduciary duty).  On each of these claims, however, the jury awarded zero damages.  Because MASS, Inc. failed to prove an essential element of these claims, the district court properly entered judgment for defendants.

With respect to the claim for misappropriation of trade secrets, the jury also awarded zero damages.  Even though it failed to prove damages (or unjust enrichment), MASS, Inc. could have prevailed on this claim by proving its entitlement to a reasonable royalty, *see* Cal. Civ. Code § 3426.3(b), or injunctive

relief.  It failed to do so.  The district court properly refused to allow MASS, Inc. to submit evidence as to its entitlement to either a reasonable royalty or a permanent injunction, given that MASS, Inc. never filed a motion seeking either form of relief.  The first point at which MASS, Inc. indicated its intent to seek equitable relief was in its briefing on the form of the proposed judgment, and even then it made no showing in support of any such relief.  At that point, the trial had concluded, and nothing in the Federal Rules of Civil Procedure required the court to reopen proceedings so that additional evidence could be introduced. Accordingly, the district court properly entered judgment for defendants on this claim as well.

Because MASS, Inc. recovered nothing on any of its claims, the district court permissibly deemed defendants the prevailing parties for purposes of awarding attorney's fees and costs.  *See Hsu v. Abbara*, 9 Cal. 4th 863, 875–76 (1995).

**2.**  As to Huysentruyt's cross-appeal, the district court appropriately exercised its discretion in denying Huysentruyt's motion for attorney's fees based on his failure to apportion fees related to the breach-of-contract claim.  *See El Escorial Owners' Association v. DLC Plastering, Inc.*, 154 Cal. App. 4th 1337, 1365 (2007).  Although Huysentruyt asserts that it was impossible to apportion fees, defending against the fifteen other claims in the case surely required counsel

to spend at least some additional time beyond what was required to defend against the breach-of-contract claim.

When Huysentruyt was offered an opportunity to apportion fees in the district court, he declined to do so.  Accordingly, there is no need to remand for further proceedings with respect to the issue of attorney's fees.

MASS, Inc.'s July 29, 2020, motion for judicial notice is DENIED.

**AFFIRMED.**