Filed 2/9/21  Frierson v. Coast Gastroenterology etc. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MICHAEL G. FRIERSON,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br>COAST GASTROENTEROLOGY A MEDICAL GROUP, INC., et. al.,<br><br>        Defendants and Respondents. | B299140<br><br>(Los Angeles County Super. Ct. No. YC072800) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ramona G. See, Judge.  Affirmed.

Ivie, McNeill & Wyatt, Byron Michael Purcell, Shant L. Vayvayan and Julio C. Navarro for Plaintiff and Appellant.

LaFollette, Johnson, De Haas, Fesler & Ames, Christopher P. Wend, Janee M. Tomlinson and David J. Ozeran for Defendants and Respondents.

_____

Plaintiff and appellant Michael G. Frierson (appellant) claims that he developed rectal cancer because defendants and respondents Coast Gastroenterology A Medical Group, Inc. (Coast) and Steven Lerner, M.D. (collectively respondents) breached the standard of care by, inter alia, failing to follow up or advise appellant to follow up after a colonoscopy. The trial court granted respondents' motion for summary judgment after concluding that there were no triable issues as to breach of the standard of care or causation. Appellant now appeals and argues that summary judgment was improper because there is a triable issue as to whether respondents breached the standard of care. We find no error and affirm.

## FACTS

The complaint for medical malpractice alleged: Dr. Lerner, through Coast, performed a colonoscopy on appellant and found polyps and other evidence of polyposis syndrome. The syndrome has a near 100 percent chance of developing into cancer. Dr. Lerner did not inform appellant of either the diagnosis or prognosis. A year later, Dr. Lerner performed a second colonoscopy, found that some of appellant's polyps had grown, and referred appellant to a specialist. Genetic testing confirmed that appellant had familial adenomatous polyposis. A different doctor performed a third colonoscopy and discovered Stage 3 rectal cancer. Appellant underwent various treatments, including surgery, chemotherapy, and radiation. The negligent failure of Dr. Lerner to initiate treatment, follow-up and/or refer appellant to a specialist after the diagnosis of polyposis syndrome caused appellant to suffer severe injury and pain. Coast is vicariously liable for the negligence of Dr. Lerner, and directly

2

liable for failing to ensure that only quality physicians provided care to appellant.

Respondents moved for summary judgment and argued that they met the standard of care, and that nothing they did caused appellant damage.

In support, respondents provided, inter alia, a declaration from their expert, Dr. Rudolph A. Bedford. Dr. Bedford stated that at the first appointment on October 15, 2015, Dr. Lerner told appellant to have a colonoscopy and follow up in four weeks. After the colonoscopy on December 16, 2015, the recommendation included the same follow up instruction. A note in Dr. Lerner's chart indicated that appellant was called on January 7, 2016, and he said he was busy and would call back later. Dr. Bedford opined that "the care and treatment provided by [respondents] . . . complied with the standard of care at all times. It is also my opinion that no act or omission on the part of [respondents] caused or contributed to [appellant's] claimed injuries[.]"[1]

Appellant opposed the motion. He submitted a declaration averring: "Neither Dr. Lerner, nor any of [respondents'] employees informed me to follow up with Dr. Lerner or his office on December 16, 2015;" "I did not receive a phone call from Dr. Lerner following up with me related to my visit on . . . December 16, 2015;" and, "I did not receive any letters from Dr. Lerner or any of [respondents'] employees to follow up with Dr. Lerner after December 16, 2015." Two medical experts, Dr. Joel Dennis Feinstein and Dr. Michael Van Scoy-Mosher, provided declarations. Appellant filed objections to various

---

[1]     Dr. Bedford's declaration referenced other procedures and recommendations, such as those related to an upper endoscopy performed on appellant.

portions of respondents' separate statement of facts but not to any evidence.

Respondents filed a reply. In addition, they filed objections to the entireties of Dr. Feinstein's and Dr. Van Scoy-Mosher's declarations.

The trial court allowed supplemental briefing. Appellant revised his declaration to add a statement that no one told him to follow up with Dr. Lerner during the January 7, 2016, phone call.

The trial court granted the motion after taking the matter under submission. It ruled that it was undisputed that respondents' care and treatment of appellant complied with the standard of care, and that none of respondent's acts or omissions caused appellant's injuries. The trial court determined that neither Dr. Feinstein nor Dr. Van Scoy-Mosher established that they were competent to offer opinions regarding the applicable standard of care; neither expert stated that respondents breached the standard of care; and neither expert stated that respondents caused appellant's injuries. The trial court overruled all appellant's objections and sustained all of respondents' objections.

This appeal followed.

**DISCUSSION**

**I. Standard of Review.**

Our review of summary judgment is de novo. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.) "When analyzing the issues[,] we follow the traditional three-step analysis. 'We first identify the issues framed by the pleadings, since it is these allegations to which the motion must respond. Secondly, we determine whether the moving party has established facts which negate the opponents' claim and justify a

4

judgment in the movant's favor.  Finally, if the summary judgment motion prima facie justifies a judgment, we determine whether the opposition demonstrates the existence of a triable, material factual issue.  [Citation.]'  [Citation.]" (*Shamsian v. Atlantic Richfield Co.* (2003) 107 Cal.App.4th 967, 975.) "Although our review of a summary judgment is de novo, it is limited to issues which have been adequately raised and supported in [an appellant's] brief." (*Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 466, fn. 6.)

## II.  Medical Malpractice Law.

The elements of a medical malpractice claim are:  (1) a physician's duty to use the same skill and diligence as other members of the profession in providing care; (2) breach of that duty; (3) causation of injury; and (4) damages. (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968 (*Lattimore*).)  Generally, expert testimony is required to prove duty and breach of duty.  A physician's duty is defined by the standard of care in his or her community.  (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 606– 607; *Allgoewer v. City of Tracy* (2012) 207 Cal.App.4th 755, 762.) Only an expert can establish causation.  (*Lattimore, supra*, 239 Cal.App.4th at p. 970.)

## III.  Analysis.

Appellant argues that there is a triable issue as to whether respondents breached their duty to follow up or advise him to follow up after his colonoscopy.  We need not reach this issue. Appellant does not argue in his opening brief that the trial court erred when it ruled that there is no triable issue as to causation. Consequently, we must presume that the unchallenged ruling was correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564), and that respondents successfully negated an element of

appellant's claim.  In this situation, the law dictates affirmance. (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 176 ["A defendant moving for summary judgment is entitled to summary judgment if he or she . . . conclusively negates an element of the plaintiff's cause of action"].)

Only in the reply does appellant argue that the trial court erred in sustaining objections to the declarations of Dr. Feinstein and Dr. Van Scoy-Mosher, and that their declarations create a triable issue as to causation.  "'[P]oint[s] not presented in a party's opening brief [are] deemed to have been abandoned or waived.  [Citations.]'  [Citation.]" (*Wurzl v. Holloway* (1996) 46 Cal.App.4th 1740, 1754, fn. 1.)

All other issues are moot.

## DISPOSITION

Summary judgment is affirmed.  Respondents are entitled to their costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT


6