Filed 11/13/23  Barkett v. Malcoun CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| LISA ANN BARKETT, | B318270 |
| Cross-complainant and Appellant, | Los Angeles County Super. Ct. No. 18STCV08722 |
| v. | |
| DIANE MALCOUN et al., | |
| Cross-defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Elaine Lu, Judge.  Affirmed.

Gilmore Magness Janisse and David M. Gilmore for Cross-complainant and Appellant.

Mayall Hurley and Steven A. Malcoun for Cross-defendant and Respondent Diane Malcoun.

Klinedinst, Earll M. Pott, Robert M. Shaughnessy and Amara S. Barbara for Cross-defendant and Respondent Steven Malcoun.

_____

## SUMMARY

This case involves three sisters who are beneficiaries of a trust created by their parents. One sister (plaintiff) complains that another sister, as successor trustee of the trust and in other capacities, breached her fiduciary duties and breached a contract among their mother and the three sisters. Plaintiff alleges her brother-in-law aided and abetted her sister's breaches of fiduciary duty, and alleges she is entitled to an accounting.

The trial court sustained demurrers without leave to amend. The court concluded the breach of contract allegations were contradicted by the contract attached to the operative pleading; court records of which the court took judicial notice showed plaintiff could not state a claim for breach of fiduciary duty, and in addition, the statute of limitations barred that claim; the aiding and abetting claim necessarily failed as well; and no relationship existed requiring an accounting.

We affirm the judgment of dismissal.

## FACTS

### 1. The Operative Pleading and Related Documents

This case involves only the allegations in a cross-complaint filed by Lisa Barkett against her sister and brother-in-law, Diane and Steven Malcoun. The third sister, Debra Stephan, and her husband George started this litigation by suing Ms. Barkett. The Stephans are cross-defendants but are not parties in this appeal. For simplicity's sake, we refer to Ms. Barkett as plaintiff, and to Diane and Steven Malcoun as defendants or the Malcouns (or by their first names for sake of readability). Plaintiff's operative second amended cross-complaint (the complaint) is 47 pages long and attaches 15 exhibits.

Sylvester and Margaret Denton were parents of the three sisters, who are the beneficiaries of a trust created by their parents (the Denton trust). The parents were the original

2

trustees, and Diane was named as a successor trustee. Defendant Steven, Diane's husband, is a licensed attorney, and he prepared the trust documents and the parents' wills.

Sylvester Denton died on April 1, 2013. Upon Sylvester's death, the Denton trust was to be divided into three separate trusts: a survivor's trust for Margaret, a residual trust, and an election trust. The trusts involved in this case are the survivor's trust and the residual trust. Sylvester's community and separate property was to be placed in the residual trust which then became irrevocable. "The other half of the community and separate property assets were to go into the Survivor's Trust for Margaret Denton." She retained the power to make changes to the survivor's trust and was entitled to the income from both trusts. Under Margaret's will, most of her assets were to "pour over" into the Denton trust. The beneficiaries of Margaret's will included the Denton trust and the three sisters. Diane was designated as executrix.

Following is a chronology of events after Sylvester's death in 2013, events before Margaret's death in 2019, and events after Margaret's death, as alleged in the complaint or demonstrated by the judicially noticed documents.

On May 27, 2014, Diane filed a petition seeking approval of a first accounting and report of administration of the Denton trust (including a request for appointment of Wells Fargo Bank, N.A. or an alternate bank as successor trustee). According to the complaint, the petition failed to disclose several assets that should have passed into the Denton trust on Sylvester's death via his will. Shortly before Sylvester died, defendants "got Margaret Denton to sign a power of attorney granting [Diane] a general power of attorney over Margaret Denton's affairs." "Once [Diane] had the power of attorney she proceeded to use that power of attorney to take over all of the non-Trust accounts and to begin to

3

drain those accounts and move money around to various accounts."

On July 31, 2014, plaintiff filed objections to Diane's accounting, asserting the same claims she repeated and expanded in the complaint she filed six years later. Her objections included allegations that the accounting did not identify assets and accounts that should be in the Denton trust, and that defendants were using income from the trust for their personal expenses.

Margaret Denton did not agree with her daughter Lisa's allegations against her daughter Diane and son-in-law Steven. On August 21, 2014, Margaret consented in writing to Diane's first accounting and joined in the request that all acts and transactions of Diane be ratified and approved. Margaret's written and verified approval of Diane's first accounting specifically responded to and rejected plaintiff's objections concerning allegedly missing bank accounts and improper use of trust assets.

On May 12, 2015, the probate court held that, under the terms of the trust and applicable law, plaintiff had no standing to object to the accounting. Paragraph 16 of the Denton trust provided: "During the lifetime of either Settlor and while both Settlors are acting as Trustees, the Trustees shall account only to the Settlors and their written approval shall be final and conclusive in respect to the transactions disclosed in the account as to all beneficiaries of the Trust, including unborn and contingent beneficiaries."

The probate court's order was served on plaintiff and was not appealed.

On July 3, 2015, Margaret executed a declaration, attached as an exhibit to the complaint. The complaint characterized Margaret's declaration as making clear that her intent was to

4

keep her three daughters informed about the status of the trust and her accounts, "to make sure that the division was equal on her passing," and not to allow any of them to use her money or her property. (Margaret also expressed her expectation that Wells Fargo Bank would become the trustee of all her accounts, whether in the trust or not.)

The complaint alleged that on August 26, 2015, Margaret and the three sisters met with a mediator and negotiated a resolution of some of the issues in Diane's May 2014 accounting to which Lisa objected and Margaret had consented. The complaint alleged Margaret and her daughters "reduced some of that to a written agreement." Plaintiff attached the mediation agreement as an exhibit to the complaint, and alleged it "does not include all of the provisions agreed to and it was agreed that there would be further discussions although those never took place." The complaint characterized the mediation agreement as "[making] clear that there were further issues to discuss and agree on at a future date."

The August 27, 2015 mediation agreement contradicts the allegation that the parties agreed there were further issues to be decided: "[A]ll of the material terms of the settlement are set forth herein."

The remaining provisions of the mediation agreement (other than provisions on its admissibility and enforceability) concern matters relating to Margaret's stays with the daughters on a rotating basis and their related communications with each other, their telephone access to Margaret, her medical records, and that if Margaret "is taken for medical care, the other daughters will be notified immediately." The only mention of the Denton trust is a provision that in the event Margaret needs a caregiver while in a daughter's care, "the daughter shall be reimbursed by the trust."

5

On August 31, 2015, the probate court issued an order approving Diane's first account and report. Also on August 31, 2015, the probate court entered an order accepting Diane's tender of resignation and appointing Wells Fargo Bank as successor trustee upon the satisfaction of several conditions. These included transfer of the remaining assets of the survivor's trust and residual trust to Wells Fargo Bank and filing of proper receipts with the court, and the court's entry of an order regarding a second and final account and report for the survivor's trust and the residual trust.

Within a month of these orders, Diane petitioned for approval of a second and final accounting. On November 25, 2015, the probate court approved the final accounting and discharged Diane as a trustee. The court's order states that counsel for Margaret approved of the petition and accounting, and all amendments and supplemental reports and accounts.

Four years later, on November 20, 2019, Margaret died. Plaintiff filed her complaint on June 9, 2020. The complaint alleged causes of action against Diane for breach of contract, breach of fiduciary duty, and an accounting; and causes of action against both the Malcouns for elder abuse and aiding and abetting breaches of fiduciary duty. (Plaintiff has abandoned the elder abuse claim.)

The complaint alleged Diane was "in breach of the agreement" among Margaret and the three sisters in that she used Margaret's assets for her and her family's personal benefit, failed to turn over the assets to Wells Fargo Bank, refused to account for the nontrust assets, concealed information about assets, failed to provide information about Margaret's health and physical condition, and manipulated accounts to the exclusion of plaintiff.

6

The complaint alleged that "[t]o date [May 3, 2021] Wells Fargo Bank has not provided an accounting or closed the Trust although it is anticipated such an accounting will be provided when it is time to close the Trust." The complaint continued, alleging "that when the accounting is provided it will confirm that money was taken by [defendants] for their own personal benefit or the benefit of their families." "Despite being the Executrix of the Last Will, Diane Malcoun has not accounted for the assets to be disposed of via that Last Will whether as to Sylvester or Margaret. She has sent no notices relating thereto and has not opened or completed a probate. She has not accounted to Wells Fargo Bank or the beneficiaries for the items that were to be divided among the children or those items that should have poured over into the Trust."

## 2.     The Demurrers

The Malcouns each filed demurrers to the operative complaint. They also filed requests for judicial notice of numerous court records, some of which we have just described. The court granted these unopposed requests, while observing the court cannot take judicial notice of the truth of matters asserted in the documents.

Diane demurred on several grounds. She contended the breach of contract claim failed because the allegations of an oral agreement were time-barred, the operative complaint was a sham pleading, and there was no alleged breach of the mediation agreement. The breach of fiduciary duty claim failed to state a fiduciary duty as to one trust and was barred by res judicata as to the other trust, and the claim was barred by the statute of limitations. The cause of action for an accounting failed because Diane was no longer trustee of the trust.

Steven demurred to the aiding and abetting claim on the ground, among others, that it was time-barred.

7

### 3.     The Trial Court's Rulings

In a detailed 44-page opinion, the trial court sustained both demurrers without leave to amend.

The breach of contract claim failed because the allegations were contrary to the mediation agreement attached to the complaint and executed by the three sisters and Margaret on August 27, 2015.  The court concluded:  "to the extent that [plaintiff] contends that there were additional terms to the Mediation Agreement not memorialized in writing, these allegations are directly contrary to the exhibit, and thus, the allegations in the exhibit take precedence."  It was thus irrelevant whether the alleged oral agreement was time-barred or a sham pleading.

The breach of fiduciary duty claim failed on two grounds. First, Margaret's ratification of Diane's actions and accounting in judicially noticed probate court records was conclusive and binding on plaintiff under the express terms of the trust instrument.  Second, the claim was barred by the three-year statute of limitations under Probate Code section 16460.  The trial court stated plaintiff was "plainly on notice of the alleged improprieties and defects that form the basis of her breach of fiduciary duty claim as she filed objections on July 31, 2014 to [Diane's] first accounting."  "Three years from the final accounting by [Diane] being mailed to [plaintiff] would be November 18, 2018."  Plaintiff's cross-complaint was filed June 9, 2020, well after the three-year deadline.

The court sustained the demurrer to the claim for an accounting on the ground the complaint did not allege a relationship between plaintiff and defendant that requires an accounting.

The court sustained Steven's demurrer to plaintiff's cause of action for aiding and abetting breach of fiduciary duty, holding

8

that because the complaint failed to allege a breach of fiduciary duty by Diane, there was "no primary violation for [Steven] to have knowingly aided and abetted." The trial court also sustained Steven's demurrer on statute of limitation grounds, relying on the one-year statute of limitations for wrongful acts in performance of legal services.

The court entered a judgment of dismissal and plaintiff filed a timely appeal.

## DISCUSSION

A demurrer tests the legal sufficiency of the complaint. We review the complaint de novo to determine whether it alleges facts sufficient to state a cause of action. For purposes of review, we accept as true all material facts alleged in the complaint, but not contentions, deductions or conclusions of fact or law. We also consider matters that may be judicially noticed. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action. (*Ibid.*)

We preface our discussion with the observation that plaintiff's briefing repeatedly refers to matters not alleged in her complaint, some of which are belied by facts that *are* alleged in the complaint. For example, plaintiff's brief contends Margaret was diagnosed with Alzheimer's and was prescribed an Alzheimer's medication in March 2013, a few days before she gave Diane her power of attorney, and that the Malcouns "took steps to gain and exercise control over Margaret Denton's affairs

9

even in light of her Alzheimer's diagnosis and knowledge that she was taking medication for treatment of Alzheimer's." However, the August 27, 2015 mediation agreement provides: "All three daughters agree Margaret presently has capacity and is not in need of a Guardian ad Litem." Plaintiff's unfounded assertions, and others without basis in or citation to the record, have no place in appellate briefing.

## 1. The Breach of Contract Claim

Plaintiff contends she properly alleged, in addition to the written mediation agreement, oral agreements among Margaret and her daughters. The allegations of oral agreements are directly contrary to the terms of the mediation agreement.

We have described the provisions of the mediation agreement (*ante,* at pp. 5–6). Those provisions directly conflict with the complaint's allegations that on August 26, 2015, the parties "reached an agreement that was partly written and partly oral," and that the written agreement "made clear that there were further issues to discuss and agree on at a future date." The agreement expressly states that "all of the material terms of the settlement are set forth herein." This is directly contrary to the complaint's allegation that the mediation agreement "does not include all of the provisions agreed to." Moreover, the complaint itself alleged that further discussions "never took place."

Plaintiff contends and the complaint alleged that Diane "breached the agreement by not turning over all of the assets of Marg[a]ret to the Trust and failing to provide full disclosure and by using Margaret's funds for their own benefit." But the mediation agreement contains no terms relating to the trust or other assets (except that the trust would reimburse costs for a caregiver if needed).

10

Plaintiff tries to fill this void by relying on Margaret's July 3, 2015 declaration. The complaint alleged that a "key component[] to the agreement" was Diane's resignation and replacement as trustee, including that she would turn over all Margaret's assets to Wells Fargo Bank. The complaint alleged "[t]his was later made clear in Margaret's Declaration as to her understanding of what the agreement was." Similarly, the complaint alleged that "[t]he oral parts of the subsequent oral agreement were in effect memorialized by Margaret Denton in her Declaration" attached to the complaint.

However, Margaret's July 3, 2015 declaration *predates* the August 27, 2015 mediation agreement, and does not state or imply *any* agreement among the sisters, but rather merely expresses Margaret's intentions. (These include her desire for her daughters to have "equal and free access to the accountings and other records relating to the Trusts," and "to be as transparent as possible with each of them," and her expectation that Wells Fargo Bank would replace Diane as trustee and be the trustee for all her accounts, whether in the trust or not.)

In short, plaintiff's allegations of an oral agreement to additional terms are directly contradicted by the terms of the written agreement. And, as the trial court concluded, the written agreement takes precedence. " 'While the "allegations [of a complaint] must be accepted as true for purposes of demurrer," the "facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." ' " (*Moran v. Prime Healthcare Management, Inc.* (2016) 3 Cal.App.5th 1131, 1145–1146; see *Alphonzo E. Bell Corp. v. Bell View Oil Syndicate* (1941) 46 Cal.App.2d 684, 691 [treating "conclusions of the pleader . . .

11

contrary to the express terms of the instrument creating the trust which is . . . made a part of the complaint" as "surplusage"].)

## 2. The Breach of Fiduciary Duty Claim

To plead a cause of action for breach of fiduciary duty, plaintiff must allege facts showing the existence of a fiduciary duty, breach of that duty, and resulting damage. (*Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 524.) Plaintiff has not done so.

" '[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law.' " (*City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 386.) Plaintiff must plead facts giving rise to a confidential relationship; "[a] bare allegation that defendants assumed a fiduciary relationship" is a conclusion of law and there " 'is not a fiduciary relation between the promisor or promisee and the beneficiary of a contract.' " (*Zumbrun v. University of Southern California* (1972) 25 Cal.App.3d 1, 13.)

Here, the complaint alleged Diane undertook fiduciary duties as successor trustee; as executrix of Margaret's will; as holder of Margaret's power of attorney; as cosigner on Margaret's accounts; and under the mediation agreement and "an agreement with Margaret Denton regarding her care and living arrangements, health care and financial well being." However, except for her fiduciary duties as successor trustee, the documents and relationships cited do not give rise to a fiduciary duty that Diane owed to plaintiff.

The complaint alleged that Margaret's will designated Diane as executrix, and that Diane's "position as the Executrix" imposed fiduciary duties on Diane to the estate and its beneficiaries. Of course, an executor of an estate, acting as

12

executor, does have such fiduciary duties. However, a designation in a will, standing alone, does not give the person designated as the executor the authority to administer the estate. That requires appointment by the probate court. The complaint did not allege that the probate court ever appointed Diane to act as executrix of Margaret's will. In fact, the complaint alleged Diane "has not opened or completed a probate."

"A person has no power to administer the estate until the person is appointed personal representative and the appointment becomes effective." (Prob. Code, § 8400, subd. (a).) That provision applies "whether or not the person is named executor in the decedent's will . . . ." (*Id.,* subd. (b).) Consequently, Diane had no fiduciary duty based solely on her designation as executor in Margaret's will, as she has not been appointed by the court to act as the decedent's personal representative (i.e., as the executor or administrator of her estate).

Any duty under the mediation agreement or other agreement with Margaret concerning her care and financial well-being was owed to Margaret, not plaintiff. Plaintiff contends the complaint alleges that "the relationship among the parties" to those agreements "creates additional duties on Diane Malcoun," and "specifically alleges that it [the agreement] created a fiduciary relationship." She cites inapt cases that involve principal-agent and partnership relationships. Plaintiff asserts we must accept her "relationship" allegations as true, but that is not the case. We accept as true only the material *facts* alleged, not conclusions of fact or law. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.) Plaintiff has not alleged facts giving rise to a fiduciary relationship between Diane and plaintiff. Similarly, the power of attorney over Margaret's affairs gives rise to a fiduciary duty to Margaret, not to plaintiff.

13

That leaves the trusts of which Diane was successor trustee until her discharge upon approval of her accounting (on November 25, 2015) and filing of receipts for delivery of the trust assets to Wells Fargo Bank (dated September 1, 2016, and October 3, 2016), as reflected in court records judicially noticed. As trustee, Diane owed fiduciary duties to beneficiaries of the trust. (*Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1340.) These duties existed as to the trust assets, and until Diane was discharged as trustee.

The court records that were either attached to the complaint or judicially noticed include Diane's first and later-filed final accountings; plaintiff's objections to Diane's first accounting; Margaret's written consent to Diane's accountings, including her rejection of plaintiff's objections; trust provisions requiring the trustee to account only to the settlors while they were alive and making a settlor's written approval final and conclusive; and a court order approving Diane's final accounting, including the court's statement that counsel for Margaret approved of the petition and accounting.

These court records permit only one legal conclusion: Margaret's approval of Diane's accounting was final and conclusive under the terms of the Denton trust, and plaintiff cannot now relitigate her claims of missing assets and assets used for the trustee's benefit.

Plaintiff cites *Estate of Giraldin* (2012) 55 Cal.4th 1058, 1076 (*Giraldin*) as support for her contention that she may pursue her breach of fiduciary duty claims against Diane. *Giraldin* is starkly distinguishable and does not apply to the entirely different facts in this case.

*Giraldin* held that "after the settlor's death, the beneficiaries have standing to assert a breach of the fiduciary

duty the trustee owed to the settlor to the extent that breach harmed the beneficiaries." (*Giraldin, supra,* 55 Cal.4th at p. 1076.) In *Giraldin,* the beneficiaries alleged the trustee squandered the settlor's life savings for the trustee's own benefit and that of his brother, making a series of bad investments in a company his brother started and the trustee partially owned. (*Id.* at p. 1064.) There were trial court findings that the settlor did not authorize any of the trustee's actions in writing as the trust required, and that the settlor " 'was not sufficiently mentally competent' " to analyze or authorize the trustee to make the investments at issue. (*Ibid.*)

In *Giraldin*, there was no accounting by the trustee and therefore no express approval of any accounting by the settlor. Here there was: Margaret expressly ratified Diane's actions by approving her accountings and rejecting objections plaintiff raised, including plaintiff's claim of improper use of Margaret's credit cards and her claim of bank accounts not included in the accounting. Margaret confirmed the bank accounts were her separate property and not property of the trust, and expressed her belief there was no factual basis for plaintiff's criticism of Diane's actions as successor trustee.

In short, we find no error in the trial court's conclusion that the cause of action for breach of fiduciary duty is barred by Margaret's ratification of Diane's actions in judicially noticed court records, "made conclusive and binding" on plaintiff by the express terms of the trust instrument. Nothing in *Giraldin* changes this analysis.

The trial court also found plaintiff's breach of fiduciary duty claim was barred by the three-year statute of limitations under Probate Code section 16460. Section 16460 includes this provision: "If a beneficiary has received an interim or final

account in writing, or other written report, that adequately discloses the existence of a claim against the trustee for breach of trust, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after receipt of the account or report.  An account or report adequately discloses existence of a claim if it provides sufficient information so that the beneficiary knows of the claim or reasonably should have inquired into the existence of the claim." (*Id.*, subd. (a)(1).)

We also find plaintiff's claim is time-barred.  The objections plaintiff filed on July 31, 2014, to Diane's first accounting show that plaintiff was then on notice of allegedly missing assets and alleged misuse of trust assets for personal benefit.  Plaintiff was served with Diane's final accounting in November 2015, so the three-year statute expired not later than November 2018.  Plaintiff did not file her cross-complaint for breach of fiduciary duty until June 9, 2020, well beyond the three-year limit specified in Probate Code section 16460.

Plaintiff contends her claims are not time-barred, but her arguments are either not developed, not comprehensible, or simply mistaken.  For example, she states the pertinent date is the date of the complaint that George and Debra Stephan filed against her on December 14, 2018, not the date of her June 2020 cross-complaint against the Malcouns.  She cites *ZF Micro Devices, Inc. v. TAT Capital Partners, Ltd.* (2016) 5 Cal.App.5th 69, 84–85, 92–93, but does not describe the case or explain why or how it applies to this case.  On that basis alone, she has forfeited the argument.  In any event, *ZF* held that the filing of a complaint tolled the statute of limitations for a defendant's permissive cross-complaint against the plaintiff.  (*Id.* at p. 92; *id.* at p. 73.)  The *ZF* holding does not apply here because the

16

Malcouns were not plaintiffs in the Stephans' lawsuit against plaintiff. Plaintiff makes no argument for applying *ZF*'s holding to a cross-complaint against a third party, and we find it does not apply here.

### 3.     The Claim for an Accounting

"[A] fiduciary relationship between the parties is not required to state a cause of action for accounting. All that is required is that some relationship exists that requires an accounting. [Citation.] The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 179–180.)

Here, plaintiff maintains Diane must account to her for assets of Margaret and Sylvester Denton that were never in the trust and/or were taken by the Malcouns. She repeatedly refers to Diane as a fiduciary, and she claims it "does not appear that Diane Malcoun ever prepared a full or complete accounting." This argument is belied by the accountings prepared and filed by Diane while she was successor trustee and consented to by Margaret. Diane is no longer the trustee, and she has not been the trustee since October 2016; she has no relationship with the trust to account for. And, so far as nontrust assets are concerned (and as previously mentioned), Diane is not the personal representative of the estates of Sylvester or Margaret, and so has no duty to account or power to act on behalf of the estates. Plaintiff has not and cannot allege a relationship that requires an accounting.

### 4.     The Aiding and Abetting Claim

"A defendant is liable for aiding and abetting another in the commission of an intentional tort, including a breach of fiduciary

17

duty, if the defendant ' " 'knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act.' " ' " (*Nasrawi v. Buck Consultants LLC* (2014) 231 Cal.App.4th 328, 343.)  Because plaintiff has not stated a claim against Diane for breach of fiduciary duty, her claim against Steven for aiding abetting the alleged breach of fiduciary duty necessarily fails as well.

**5.     Leave to Amend**

Plaintiff contends that if the trial court believed the allegations of the complaint lacked clarity, leave to amend should have been granted.  She says she can "allege evidentiary facts that support the allegations with even more detail," but does not tell us what those facts are.  Consequently, she has not met her burden to show a reasonable possibility the complaint can be amended to state a cause of action.  (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

## DISPOSITION

The judgment is affirmed.  Diane and Steven Malcoun shall recover their costs on appeal.


GRIMES, J.


WE CONCUR:


STRATTON, P. J.


WILEY, J.


18